[No. B097937. Second Dist., Div. Four. June 14, 1996.]

CALIFORNIA CASUALTY INSURANCE COMPANY, Petitioner, v.
THE APPELLATE DEPARTMENT OF THE SUPERIOR COURT OF
LOS ANGELES COUNTY, Respondent;
MICHAEL DAVID CHELETTE, Real Party in Interest.

1146

**COUNSEL**

Davis & Drum and Joel Drum for Petitioner.

No appearance for Respondent.

Richardson, Bambrick, Cermak & Bennett and Kenneth A. Hagemann for Real Party in Interest.

**OPINION**

**EPSTEIN, J.**—This is a small case, as cases go, but it raises a significant principle: judges, including appellate judges, are required to follow the law. In this case, the Appellate Department of the Los Angeles Superior Court decided a case on a point not raised by the parties, and without notice to the parties that it might do so. When this oversight was pointed out by a petition for rehearing, the court denied the petition. The losing party has sought relief before this court. We are satisfied that relief must be granted.

FACTUAL AND PROCEDURAL SUMMARY

The underlying lawsuit arose out of a three-car accident, and the basic facts were settled by stipulation:

Michael David Chelette (real party in interest here) was southbound on the San Diego Freeway near Rosecrans in the No. 1 lane. For some unknown reason his vehicle began to lose power. He therefore proceeded to get off the freeway by changing lanes. Plaintiff's insured, Ms. Hiser, was southbound on the San Diego Freeway in the No. 2 lane. She saw Chelette signal and change lanes and slowed her vehicle so that he could do so. Chelette then continued to change to the No. 3 lane and was entering the No. 4 lane. Defendant Dennis was also southbound on the San Diego in the No. 4 lane and rear-ended Chelette. This caused Dennis to lose control of her vehicle and she veered into the No. 2 lane in front of plaintiff's insured, causing a collision.

Two California Highway Patrol officers completed a report of the accident. In it, one of them, Officer Bryan, said that Dennis had caused the

accident by driving at an unsafe speed, allowing her vehicle to rear-end the vehicle driven by Chelette.

Petitioner California Casualty Insurance Company insured Ms. Hiser. It apparently paid her claim and brought a proceeding in subrogation, in the Inglewood Municipal Court, against those it considered responsible for the accident: Dennis and Chelette. Dennis suffered a default, and petitioner proceeded by prove-up against her. There was a contested trial as to Chelette.

At the court trial, Chelette called Officer Bryan. He testified to his opinion that Chelette had acted reasonably, and that if he had brought his vehicle into the center divider, as petitioner apparently had argued he should have done, he would have created a more hazardous condition than those that prevailed. Most significantly for purpose of our review, Officer Bryan testified that, in his opinion, Chelette did not violate Vehicle Code section 21658, subdivision (a). That statute requires that "[a] vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from the lane until such movement can be made with reasonable safety."

Officer Bryan's testimony that Chelette did not violate the law came in over objection by petitioner. The trial court ruled in favor of Chelette, and petitioner appealed.

The opening brief before the appellate department raised two issues: that the law did not permit Officer Bryan to testify as an expert as to whether Chelette violated the safe lane-change provision of the Vehicle Code; and that the trial court's error in allowing this testimony was prejudicial. Respondent Chelette's brief met these issues, arguing that the trial court did not commit an abuse of discretion in permitting the testimony and that, even if it did, the error was harmless. The brief of appellant pointed out that the challenged testimony by Officer Bryan was "[o]ver the objection of plaintiff"; the Chelette brief said nothing about an objection. A reply brief essentially reiterated the appellant's positions.

The appellate department, in its decision, searched the record for evidence that the officer possessed the knowledge, skill, experience, training or education to testify as an expert with respect to trafffic accidents. While the court could not conceive that the California Highway Patrol would send out an officer lacking these attributes, it agreed that petitioner was correct in stating that the officer was not an expert witness within the meaning of Evidence Code section 801.

The appellate department went on to say that since petitioner had called upon it to scrutinize the record on the issue of the officer's qualifications to testify as an expert, it also scrutinized the objection to the officer's testimony. It observed that the record only shows that he testified "[o]ver [appellant's] objection." The court quoted Evidence Code section 353, which requires that objections be made on specific grounds in order to preserve a basis for a claim of error on appeal. The court concluded, "Thus, appellant is hoist with his own petard" and affirmed the judgment. A petition for rehearing was filed, arguing that the court had decided the appeal on an issue not raised by the parties, in violation of Government Code section 68081. The petition was denied on October 12, 1995.

Petitioner sought our intervention by writ of mandate. We called for opposition and, receiving it, issued an alternative writ of mandate. We now shall issue the peremptory writ.

## Discussion

Government Code section 68081, added in 1986, provides that before an appellate court, including an appellate department of a superior court, "renders a decision in a proceeding other than a summary denial of a petition for an extraordinary writ, based upon an issue which was not proposed or briefed by any party to the proceeding, the court shall afford the parties an opportunity to present their views on the matter through supplemental briefing. If the court fails to afford that opportunity, a rehearing shall be ordered upon timely petition of any party."

■ In this case, the appellate department agreed with petitioner's essential claim of trial court error: the record lacked a foundation justifying Officer Bryan's testimony as an expert witness. But it went on to decide the case on an issue no one had raised, and about which the court had failed to inform the parties that it might consider: that while petitioner had objected to the officer's testimony, the record did not show the ground upon which the objection was made, as required by Evidence Code section 353.

Whatever might be said of the merit of the procedural deficiencies in the appeal, it was error to decide the case on the Evidence Code section 353 ground without warning the parties that the court was considering that ground, and giving them an opportunity to brief it. (See *Adoption of Alexander S.* (1988) 44 Cal.3d 857, 864 [245 Cal.Rptr. 1, 750 P.2d 778].) Having made that error, it committed another. The statute specifies petitioner's entitlement to rehearing upon timely application, pointing out the error. Such a petition was filed, but it was denied.

Real party's opposition to the application for writ of mandate (the preliminary opposition, which we are asked to treat as return opposition) argues that any deficiency in the record is petitioner's fault for not having specified adequate documentation. That point goes to the correctness of the appellate department decision on its merits, not to the Government Code issue.

The omission is understandable. This case must be returned for further proceedings based on an error for which neither of the litigating parties at trial is responsible. It could have been avoided by a Government Code, section 68081 letter, pointing out that the court was considering deciding the case on the ground that the record did not show the ground of petitioner's objection to the officer's testimony. The parties were, and still are, entitled to brief that issue before the matter is finally determined.

## DISPOSITION

Let a peremptory writ of mandate issue under the authority and seal of this court directing the appellate department of the superior court to vacate its order of October 12, 1995, denying rehearing in this mater, and issue a new and different order granting rehearing so that the parties may present their views on the Evidence Code section 353 issue discussed in the September 12, 1995, memorandum judgment of that court.

Vogel (C. S.), P. J., and Hastings, J., concurred.