[No. G028751. Fourth Dist., Div. Three. Oct. 31, 2001.]

ANCHOR MARINE REPAIR CO., Plaintiff and Appellant, v.
JEFF MAGNAN, Defendant and Respondent.

COUNSEL

William J. Kopeny & Associates, William J. Kopeny; and Sterling Scott Winchell for Plaintiff and Appellant.

Aires Raynsford, Timothy Carl Aires; and George D. Straggas for Defendant and Respondent.

OPINION

**RYLAARSDAM, Acting P. J.**—Plaintiff Anchor Marine Repair Co. (Anchor) unsuccessfully sought to appeal its limited civil case to the appellate division of the superior court. It now challenges the adverse decision of the appellate division by appealing to this court. Because decisions of the appellate division are not appealable, and no basis exists for review by way of transfer or extraordinary writ, we dismiss the present appeal.

## FACTS

Anchor commenced a limited civil case (Code Civ. Proc., § 85) for unlawful detainer in the Orange County Superior Court against defendant Jeff Magnan doing business as Dana Point Jet Ski. The action sought approximately $10,000 in back rent and late fees. The trial court entered judgment for defendant, on condition he pay plaintiff $9,539 "as equitable consideration." A few weeks before entry of judgment, defendant tendered a check for this amount to plaintiff and it cashed the check. Thereafter, plaintiff filed a notice of appeal in the appellate division of the superior court. Defendant moved to dismiss the appeal on ground that plaintiff, having accepted the benefit of the judgment, could not appeal therefrom. (*Al J. Vela & Associates, Inc. v. Glendora Unified School Dist.* (1982) 129 Cal.App.3d 766, 768-769 [181 Cal.Rptr. 330].) The appellate division granted the motion.

Plaintiff next filed a notice of appeal in this court, purporting to appeal from the appellate division's dismissal of its appeal. We issued an order stating we were considering dismissing plaintiff's appeal to this court on our own motion. This was followed by defendant's motion to strike the notice of appeal or, in the alternative, to dismiss the appeal to this court. The motion contends this court lacks jurisdiction to hear an appeal from an order of the appellate division of the superior court. Both parties briefed the issue of our authority to hear this appeal.

## DISCUSSION

In opposition to the motion to dismiss this appeal plaintiff states "contrary to Respondent's position, . . . the Rules of Court no where [*sic*] state that this order in [*sic*] non-appealable." Similarly, plaintiff reviews several provisions of the Code of Civil Procedure dealing with appeals, concludes they do not discuss appeals from the appellate division, and suggests that, in the absence of a rule or statute prohibiting such an appeal, we should apply "the strong policy of this state to afford each party to an action at least one appeal."

We are not aware of such a policy absent constitutional, statutory, or rule-based authority. ■ "There is no constitutional right to an appeal; the appellate procedure is entirely statutory and subject to complete legislative control." (*Trede v. Superior Court* (1943) 21 Cal.2d 630, 634 [134 P.2d 745]; see also *Powers v. City of Richmond* (1995) 10 Cal.4th 85, 109 [40 Cal.Rptr.2d 839, 893 P.2d 1160] (plur. opn. of Kennard, J.) ["the right of appeal is wholly statutory in origin"].) Citing a large number of cases, Witkin notes "[t]here is no constitutional right to an *appeal or other review* of a judicial decision; thus, the Legislature has power to change the procedure, limit the right, or even abolish the right altogether." (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 2, p. 60.) ■ As recently noted by our Supreme Court, "[a] litigant in a case originating in the municipal court [now in a limited civil case] may not appeal as a matter of right to the Court of Appeal." (*Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 762 [98 Cal.Rptr.2d 1, 3 P.3d 286].)

There is no statute authorizing us to hear appeals from the appellate division of the superior court. To the contrary, the general statute conferring jurisdiction on the Court of Appeal expressly excludes appeals in limited civil cases. (Code Civ. Proc., § 904.1, subd. (a).) Absent an authorizing statute, we lack the power to hear this appeal. There are only two procedures that permit us to review decisions of the appellate division under certain circumstances: certification and extraordinary writ.

California Rules of Court, rule 63 provides a mechanism whereby a majority of the judges on the appellate division may certify that the transfer of a case to the Court of Appeal appears necessary "to secure uniformity of decision or to settle important questions of law." (Cal. Rules of Court, rule 63(a).) The appellate division may do so either on its own motion or on motion of a party. Under California Rules of Court, rule 62, the Court of Appeal may transfer the case to itself either upon such certification by the appellate division or when the Court of Appeal "determines from an opinion

of the appellate department published or to be published . . . that such transfer appears necessary to secure uniformity of decision or to settle important questions of law." (Cal. Rules of Court, rule 62(a).) Neither of these processes applies here; the appellate division did not certify the case for transfer nor did it file or contemplate filing a published opinion.

■ Under certain limited circumstances, where the appellate division denies a motion for certification and transfer to the Court of Appeal, that decision may be reviewed by the Court of Appeal by way of a petition for writ of mandate. (*Mitchell v. Superior Court* (1986) 186 Cal.App.3d 1040, 1045 [231 Cal.Rptr. 176].) A petition for a writ of mandate is also the appropriate vehicle permitting the Court of Appeal to review orders issued by the appellate division. In *Selma Auto Mall II v. Appellate Department* (1996) 44 Cal.App.4th 1672 [52 Cal.Rptr.2d 599], judgment had been entered in the justice court and an appeal to the superior court's appellate department (predecessor of the appellate division) followed. The appellate department affirmed the judgment and issued its remittitur. Subsequently, the appellate department issued orders concerning an appeal bond; a petition to the Court of Appeal for an extraordinary writ followed. Without deeming it necessary to discuss the propriety of the procedure, that court issued a writ of mandate directing the appellate department to vacate its order and "to refrain from conducting further proceedings which are inconsistent with this opinion." (*Id.* at p. 1687; also see *California Casualty Ins. Co. v. Appellate Department* (1996) 46 Cal.App.4th 1145 [54 Cal.Rptr.2d 118].) But review by way of mandamus is only available to correct an abuse of judicial discretion, i.e. where, under the facts, discretion could only have been exercised one way. (*Robbins v. Superior Court* (1985) 38 Cal.3d 199, 205 [211 Cal.Rptr. 398, 695 P.2d 695]; *State Farm etc. Ins. Co. v. Superior Court* (1956) 47 Cal.2d 428, 432 [304 P.2d 13].)

In addition, cases have permitted review of decisions of superior court appellate departments by way of writs of certiorari and prohibition. In *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937], our Supreme Court issued a writ of certiorari to annul a judgment of the superior court appellate department that exceeded that court's jurisdiction by refusing to follow the holding announced in a Court of Appeal opinion. And in *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715], the court held that a writ of prohibition lies "to prevent a lower appellate court from reviewing on appeal a matter over which it has no jurisdiction." (*Id.* at p. 287.) Under this rule, we would have the power to issue such a writ had the superior court appellate division acted in a matter over which it had no jurisdiction. But this was not the case here.

■ "We may treat an improper appeal as a petition for an extraordinary writ in unusual circumstances. [Citations.] Such unusual circumstances are present where the matter presents an issue of first impression, the issue has been thoroughly briefed and our determination is purely one of law." (*Zabetian v. Medical Board* (2000) 80 Cal.App.4th 462, 466 [94 Cal.Rptr.2d 917].) This is not an issue of first impression nor is the record sufficient to permit us to treat the notice of appeal as a petition for an extraordinary writ. We therefore decline to do so.

### DISPOSTION

The motion to dismiss the appeal is granted. Respondent shall recover his costs incurred in these proceedings.

O'Leary, J., and Moore, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 16, 2002.