[No. B199578. Second Dist., Div. Two. Sept. 11, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
NORMAN LEE NEILSON, Defendant and Appellant.

**COUNSEL**

Norman Lee Neilson, in pro. per., for Defendant and Appellant.

Steve Cooley, District Attorney, Phyllis C. Asayama and Jennifer C. McDonald, Deputy District Attorneys, for Plaintiff and Respondent.

**OPINION**

**DOI TODD, Acting P. J.**—This case was certified by the Appellate Division of the Superior Court of Los Angeles County for transfer to this court pursuant to rule 8.1005 of the California Rules of Court. The issue before us is whether a litigant who fails to provide an adequate record on appeal must

be given the opportunity under Government Code section 68081[1] to brief the issue of whether the judgment should be affirmed for that failure, on the theory that a decision to affirm for that reason would be based on an issue not proposed or briefed by the parties.

We hold that section 68081 has no application under these circumstances and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Norman Lee Neilson was convicted of violating Vehicle Code section 21460, subdivision (a), driving to the left of double solid lines, an infraction. He appealed his conviction to the appellate department of the superior court and in his brief contended that (1) he had been subjected to vehicle profiling; (2) there was a possibility that he had been retaliated against for having filed lawsuits against the "City of California City"; and (3) the evidence was insufficient to support the judgment. The People had not been represented at trial and did not appear in the appellate proceedings.

The record on appeal included a copy of the citation, the trial docket with two exhibits (a MapQuest map and a photo image of what appears to be a street with a car on one lane), and a request for trial. It did not include any record of the oral trial proceedings—either a reporter's transcript or a settled statement on appeal.

In a memorandum judgment filed on May 17, 2007, a majority of the appellate division affirmed the judgment of conviction, relying on well-settled authority that a judgment of the trial court is presumed correct, any error must be affirmatively shown, and all intendments and presumptions are indulged to support the judgment on matters to which the record is silent, citing *People v. Wiley* (1995) 9 Cal.4th 580, 592, footnote 7 [38 Cal.Rptr.2d 347, 889 P.2d 541]. The court noted that it was appellant's burden to furnish an adequate record to address any contentions raised on appeal, citing *People v. Slocum* (1975) 52 Cal.App.3d 867, 879 [125 Cal.Rptr. 442]. The court also noted that California Rules of Court, rule 8.784(a) provides that where consideration of the evidence is necessary to a determination of an appeal, the evidence "must be set forth in a statement on appeal settled and certified" or by a reporter's transcript; and if a record of the evidence is not so provided, "it shall be presumed that [the evidence was] such as to support the judgment or order appealed from."

---

[1] All statutory references will be to the Government Code unless otherwise indicated.

Because there was no record of the oral trial proceedings before the appellate division, the court reasoned that those proceedings were outside the record on appeal and concluded it could not evaluate the contentions raised by appellant. A majority of the appellate division presumed the validity of the judgment and the sufficiency of the evidence to sustain the judgment, and affirmed. One judge dissented on the basis that the majority had relied on an issue that was neither briefed nor raised by a party to the appeal, and that under section 68081, appellant was entitled to be heard on the specific issue upon which the court was affirming the judgment, i.e., the failure to provide a record. The dissent cited *California Casualty Ins. Co. v. Appellate Department* (1996) 46 Cal.App.4th 1145, 1149 [54 Cal.Rptr.2d 118] (*California Casualty*) as authority for requiring such a procedure.

In certifying the case for transfer to us, the appellate division noted that a significant number of appeals are prosecuted with an inadequate record, and that in such cases there is often no appearance by respondent. The appellate division's four judges disagreed as to whether appeals from such cases could be determined without providing an opportunity to the parties to brief the issue in accordance with section 68081.

## DISCUSSION

### I. *Government Code Section 68081*

Section 68081 provides as follows: "Before the Supreme Court, a court of appeal, or the appellate division of a superior court renders a decision in a proceeding other than a summary denial of a petition for an extraordinary writ, based upon an issue which was not proposed or briefed by any party to the proceeding, the court shall afford the parties an opportunity to present their views on the matter through supplemental briefing. If the court fails to afford that opportunity, a rehearing shall be ordered upon timely petition of any party."

The dissent in the opinion below concluded that the holding in *California Casualty, supra*, 46 Cal.App.4th 1145, mandates that appellant be afforded an opportunity to address the issue of the inadequacy of the appellate record. In *California Casualty*, the petitioner asserted in a writ proceeding that "the law did not permit" a certain California Highway Patrol officer to testify as an expert as to whether a defendant had violated a Vehicle Code provision. It was undisputed that the officer had testified over the objection of the petitioner, but there was no evidence in the appellate record to support a finding that the officer was qualified as an expert. The appellate department found the petitioner's contention to be without merit because the appellate record also failed to establish that the petitioner's objection to the proffered

evidence satisfied Evidence Code section 353, requiring that the specific grounds for an objection must be stated to preserve a claim of error on appeal. The petitioner sought rehearing on the ground that the case had been decided based on an issue not raised by the parties in violation of section 68081. The appellate department denied the request. The petitioner then sought mandate from the court of appeal, which was granted. The court held: "Whatever might be said of the merit of the procedural deficiencies in the appeal, it was error to decide the case on the Evidence Code section 353 ground without warning the parties that the court was considering that ground, and giving them an opportunity to brief it." (*California Casualty, supra*, at p. 1149.)

The holding in *California Casualty* does not extend to the failure to provide the necessary record here. The real party in interest in *California Casualty* had argued that any deficiency in the record was the petitioner's fault for not having provided adequate documentation. But the court responded, "That point goes to the correctness of the appellate department decision on its merits, not to the Government Code issue." (*California Casualty, supra*, 46 Cal.App.4th at p. 1150.) Thus, it was the substantive issue of the sufficiency of the Evidence Code section 353 objection that was the basis for the court's application of section 68081, and not the sufficiency of the record in disclosing the lack of specificity.

## II.  *Provision of the Trial Court Record*

■   The lack of record here is more closely akin to the failure of the parties in *People v. Taylor* (1992) 6 Cal.App.4th 1084 [8 Cal.Rptr.2d 439], to brief the question of the appropriate standard of review. In rejecting the dissent's position that the parties should have had the opportunity to brief the question of the standard of review, the court stated that section 68081 "only requires such an opportunity when the decision is '*based upon* an issue which was not proposed or briefed by any party . . . .' (Gov. Code, § 68081, italics added.) The decision here is not *based upon* the standard of review; it is based upon the law concerning inherently dangerous felonies. The standard of review merely sets the procedural guidelines for making the decision. Further, the standard of review question is present in *every* case, although the parties often ignore it. The purpose behind section 68081 is to prevent decisions based on issues on which the parties have had no *opportunity* for input. (*Schneider v. Kaiser Foundation Hospitals* (1989) 215 Cal.App.3d 1311, 1315, fn. 2 [264 Cal.Rptr. 227].) They certainly had the opportunity here." (*People v. Taylor, supra*, at p. 1090, fn. 5.)

■ Similarly here, provision of the record on appeal is a consideration in every appeal. It is a procedural and substantive requirement on the part of any party prosecuting an appeal or asserting a position on appeal. Judgments and orders are presumed correct, and the party attacking a judgment or order has the burden of affirmatively demonstrating error. (*People v. Garza* (2005) 35 Cal.4th 866, 881 [28 Cal.Rptr.3d 335, 111 P.3d 310].) The appellant has the burden of furnishing an appellate court with a record sufficient to consider the issues on appeal. (*Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532–1533 [254 Cal.Rptr. 492].) An appellate court's review is limited to consideration of the matters contained in the appellate record. (*People v. Gonzales* (1970) 4 Cal.App.3d 593, 604 [84 Cal.Rptr. 863].)

■ The appellate *issues* before the court were those raised by appellant, namely, assertions of bias and sufficiency of the evidence. In order to reach either of these issues, it was necessary to have a record of the oral proceedings before the trial court. Absent a record of those proceedings, "it shall be presumed that they were such as to support the judgment" from which the appeal was taken. (Cal. Rules of Court, rule 8.784(a).)

That appellant has offered reasons for his having failed to provide the record does not affect our presumption. He states in his opening brief that there was no court reporter present, and that he sent a request for a copy of the audiotape of the proceedings with a check for $50, but was informed that the price had been increased about a week earlier to $86.50. In his reply brief, he argues that the option of getting a settled statement is "near null and void" because there was no prosecutor present at the trial and the prosecutor did not want to be bothered with infractions.

While it may indeed be difficult for a defendant proceeding in propria persona to navigate the rules on appeal, nevertheless, the California Rules of Court set forth the procedures for settling a record on appeal in criminal matters, including those heard in the appellate divisions. (See Cal. Rules of Court, rules 8.780–8.791.) And, there are no special exemptions from the California Rules of Court for litigants in propria persona. (*Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284 [111 Cal.Rptr.2d 439], citing *Rappleyea v. Campbell* (1994) 8 Cal.4th 975 [35 Cal.Rptr.2d 669, 884 P.2d 126].)

■ In conclusion, we find no requirement under section 68081 to afford a litigant an opportunity to address the issue of an inadequate record even if the lack of record is the grounds for affirmance of an appeal.

## DISPOSITION

The judgment is affirmed.

Ashmann-Gerst, J., and Chavez, J., concurred.