Filed 1/30/15  P. v. Contreras CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F067905 |
| v. | (Super. Ct. No. VCF273928B) |
| RICHARD GALINDO CONTRERAS, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  H.N. Papadakis, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Cornell, J., and Detjen, J.

Appellant, Richard Galindo Contreras, pled guilty in case No. VCF273928B to possession for sale of a controlled substance (Health & Saf. Code, § 11351)[1] and possession of drug paraphernalia (§ 11364.1, subd. (a)) and admitted six prior prison term enhancements (Pen. Code, § 667.5, subd. (b)) and allegations that he had a prior conviction within the meaning of the three strikes law (Pen. Code, § 667, subds. (b)-(i)). In case No. PRCS000378 Contreras admitted that he violated the terms of his Post-Release Community Supervision. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On November 8, 2011, Contreras was released from Pelican Bay State Prison on Post-Release Community Supervision.

On February 17, 2012, Contreras failed to report to probation as instructed.

On February 21, 2012, Contreras provided a urine sample that tested positive for opiates.

On September 28, 2012, at approximately 11:47 a.m., officers from the Visalia Police Department and the TARGET drug task force went to Contreras's residence to serve a search warrant. After knocking on the door and receiving no answer the officers forced entry into the house and in the front room encountered Contreras's father, who was confined to a wheelchair. The officers searched the house and detained Contreras and codefendant, Willie Champion, in a bathroom.

During a visual inspection of Contreras's bedroom officers found two syringes, each containing a heroin solution that was ready to be injected. When asked if there were any other illegal items in the bedroom Contreras stated that everything was in a green

---

[1]     All further statutory references are to the Health and Safety Code unless otherwise indicated.

canvas bag. A search of the bag uncovered numerous bindles of heroin weighing approximately 5.9 grams with packaging, numerous used syringes, two digital scales, and a metal spoon. The officers also found a single plastic baggie containing heroin on the floor (case No. VCF273928B).

On December 5, 2012, in case No. PRCS000378 a Petition of Revocation of Community Service was filed alleging that Contreras violated the conditions of his community release.

On December 24, 2012, the district attorney filed an information charging Contreras with possession for sale of heroin (count 1), possession of heroin (count 2/§ 11350, subd. (a)), possession of drug paraphernalia (count 3), six prior prison term enhancements, and an allegation that Contreras had a prior conviction within the meaning of the three strikes law.

On March 1, 2013, Contreras entered his plea in case No. VCF273928B, as previously noted, in exchange for the dismissal of count 2 and a stipulated term of 10 years. Contreras also admitted that he violated the terms of his release in case No. PRCS000378.

On or about May 7, 2013, Contreras filed a motion to withdraw his plea and for appointment of counsel.

On May 16, 2013, the court appointed substitute counsel for Contreras to review his case and determine whether to file a motion to withdraw plea on Contreras's behalf.

On June 26, 2013, the court denied Contreras's motion to withdraw plea which substitute counsel presented orally. The court then sentenced Contreras in case No. VCF273928B to an aggregate 10-year prison term: the mitigated term of two years on his possession for sale of heroin conviction, doubled to four years because of Contreras's strike conviction, six one-year prior prison term enhancements, no additional

3

time on his conviction for possession of drug paraphernalia, and a concurrent 180 days for violating the terms of his release in case No. PRCS000378.

On August 26, 2013, Contreras filed a notice of appeal. Also on that date, the court denied his request for a certificate of probable cause.

Contreras's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) However, in a document filed on December 19, 2013, Contreras contends he was denied the effective assistance of counsel during plea bargaining because defense counsel coerced him into taking a plea bargain by telling Contreras: (1) he did not have time to take his case to trial; (2) Contreras would receive a sentence of 16 years if he did; and (3) that Contreras would receive 50 percent conduct credit. Contreras also contends that his defense counsel was ineffective because he did not assist him in filing his appeal and in obtaining a certificate of probable cause. Contreras's claims, however, are not cognizable on appeal.

"The purpose of requiring defendants to obtain certificates of probable cause is to save judicial time and prevent frivolous appeals of matters that were resolved by plea or admission. [Citations.] Matters occurring before a plea of guilty or no contest that affect the plea's validity cannot be raised without a certificate of probable cause. [Citation.]" (*People v. Sem* (2014) 229 Cal.App.4th 1176, 1186.)

Here, Contreras requested a certificate of probable cause from the trial court and it was denied. Further, his contention that he was not provided the effective assistance of counsel in entering his plea involves matters that occurred prior to Contreras entering his plea and go to its validity. Therefore, since Contreras did not obtain a certificate of probable cause, this contention is not cognizable on appeal. Additionally, his claim that he was denied the effective assistance of counsel in entering his plea is not cognizable on appeal for the additional reason that it relies on facts outside the record. (*People v.*

4

*Neilson* (2007) 154 Cal.App.4th 1529, 1534 ["An appellate court's review is limited to consideration of the matters contained in the appellate record"].)  Similarly, Contreras's contention that defense counsel provided ineffective representation by failing to assist him in filing an appeal and obtaining a certificate of probable cause is also not cognizable on appeal because it relies on facts outside the record.  (*Ibid.*)

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.