Filed 3/23/15  Miller v. Superior Court CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| HELENE MILLER,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SUPERIOR COURT OF ALAMEDA COUNTY,<br><br>    Defendant and Respondent;<br><br>ANNA MARIE POSTAG,<br><br>    Real Party in Interest. | A142052<br><br>(Alameda County<br>Super. Ct. No. RG14716325) |

Helene Miller appeals from an order of the appellate division of the Superior Court of Alameda County (Appellate Division).  In its order, the Appellate Division affirmed the trial court's denial of plaintiff's motion for an order of contempt against real party in interest Anna Marie Postag.

Postag filed a motion to dismiss Miller's appeal in this court for lack of jurisdiction.  We grant Postag's motion, and dismiss Miller's appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

The underlying action is a limited jurisdiction case that resulted in a final judgment.  The facts leading up to the action are not relevant to this appeal.  In brief, the action concerned an alleged breach of a settlement agreement involving a prior lawsuit.  Below, the plaintiff was captioned as "Bette B. Postag Trust By Ann Postag, Trustee"

and the defendants were captioned as "Helene Miller, An Individual; and The Helene Miller Revocable Trust By Helene Miller, Trustee."

On December 14, 2011, judgment was entered. The trial court ordered Miller to pay Postag the sum of $2,100, plus interest. Within its ruling, the court addressed a mutual release proposed by Postag, stating that "Postag the individual is a necessary party to the settlement agreement and must sign in that capacity as well as her capacity as trustee. Postag shall add her name as an individual to the signature line, execute it, have her counsel execute it and send it to Miller for her and her attorney's signature." The civil contempt motion at issue here was initiated after Postag and her attorney failed to execute the document.

On February 22, 2012, Postag, acting as trustee, filed a motion to vacate the judgment as to Ann Postag individually.

On July 25, 2012, the trial court denied the motion to vacate.

On December 27, 2013, Miller's attorney filed a declaration requesting an order of contempt requiring Postag and her attorney to execute the release.

On February 3, 2014, Postag filed her opposition to the contempt motion.

On February 5, 2014, the trial court, with a different judge than the one who had presided over the earlier proceeding, denied Miller's motion for an order re contempt. The judge concluded a contempt finding was not possible as the court never had jurisdiction over Postag as an individual, nor did it have jurisdiction over her attorney.

On March 6, 2014, Miller filed a petition for writ of review with the Appellate Division.

On May 30, 2014, the Appellate Division issued an order affirming the trial court's order denying the motion for contempt.

On June 6, 2014, Miller filed a notice of appeal from the May 30, 2014 ruling, indicating that her appeal was being taken under the authority of *Bermudez v. Municipal Court* (1992) 1 Cal.4th 855 (*Bermudez*).

On August 11, 2014, Postag filed a motion to dismiss the appeal.

On August 27, 2014, we issued an order denying Postag's unopposed motion to dismiss without prejudice. We directed Miller to address in her opening brief whether she was appealing from an appealable order.

On September 2, 2014, we acknowledged receipt of Miller's belated opposition and issued an order deferring our ruling on the motion to dismiss pending briefing.

Both parties filed briefs addressing the issue of this court's jurisdiction to review the Appellate Division's order. In addition to addressing the question of this court's jurisdiction, the parties also included in their briefs arguments related to the merits of the purported appeal.

## DISCUSSION

We conclude this court does not have jurisdiction to review the Appellate Division's order. A state appellate court does not have jurisdiction to review limited jurisdiction decisions of an appellate division by way of direct appeal. (See *Anchor Marine Repair Co. v. Magnan* (2001) 93 Cal.App.4th 525, 528 (*Anchor Marine*) ["the general statute conferring jurisdiction on the Court of Appeal expressly excludes appeals in limited civil cases"], citing Code Civ. Proc., § 904.1, subd. (a).) "There are only two procedures that permit us to review decisions of the appellate division under certain circumstances: certification and extraordinary writ." (*Anchor Marine, supra,* 93 Cal.App.4th at p. 528.)

Under California Rules of Court, rule 8.1005(a)(1), an appellate division may certify a case for transfer to the Court of Appeal, either on its own motion or on the motion of a party. The appellate division's certification must "[b]riefly describe why transfer is necessary to secure uniformity of decision or to settle an important question of law . . . ." (Cal. Rules of Court, rule 8.1005(d)(2).) Similarly, the Court of Appeal may order a case transferred to it for hearing and decision if it determines that transfer is necessary. (Cal. Rules of Court, rule 8.1002.)

Neither of these transfer processes applies here. The Appellate Division did not certify the case for transfer, and this court did not order transfer of the case. Further,

3

Miller never petitioned to have the case transferred, and never made any showing that transfer of the case to this court is necessary.[1]

There are additional limited circumstances in which the Court of Appeal may review a decision of an appellate division, even where the appellate division has denied a motion for certification and transfer. (*Anchor Marine, supra,* 93 Cal.App.4th at p. 528.) Specifically, the Court of Appeal can review an order of the Appellate Division on a petition for writ of mandate or other extraordinary writ. (*Ibid.*) However, Miller did not petition for an extraordinary writ, and has made no attempt to show that writ relief would be proper in this circumstance.

" 'We may [nevertheless] treat an improper appeal as a petition for an extraordinary writ . . . where the matter presents an issue of first impression, the issue has been thoroughly briefed and our determination is purely one of law.' [Citation.]" (*Anchor Marine, supra,* 93 Cal.App.4th at p. 530.) The Appellate Division's affirmance of the trial court's denial of Miller's request for contempt does not present an issue of first impression, nor does it require a determination that is purely one of law. We therefore decline to treat Miller's improper appeal as a petition for writ relief. Consequently, Miller's appeal must be dismissed.

---

[1] Miller's reliance on *Bermudez* is misplaced. That case construed former Code of Civil Procedure section 904.1, subdivision (a)(4), which provided, in part, that an appeal could be taken from a superior court judgment *except* a judgment " 'granting or denying a petition for issuance of a *writ of mandamus or prohibition* directed to a municipal court . . . which relates to a matter *pending in the municipal court.*' " (*Bermudez, supra,* 1 Cal.4th at p. 860, second italics added.) The Supreme Court held the Legislature had not thereby precluded review of a judgment following a ruling on a petition for a *writ of certiorari* relating to a matter pending in the municipal court. (*Id.* at p. 864.) That entire provision has since been deleted from the statute, which now operates to preclude review of *all* limited civil cases. (See Code. Civ. Proc., § 904.1 ["An appeal, *other than in a limited civil case,* is to the court of appeal. An appeal, *other than in a limited civil case,* may be taken from any of the following: . . ." (italics added)].) The other two cases Miller relies on, *Freeman v. Superior Court* (1955) 44 Cal.2d 533 and *Brady v. Superior Court of San Mateo County* (1962) 200 Cal.App.2d 69, are also inapposite in that they were also, obviously, decided prior to present version of Code of Civil Procedure section 904.1.

## **DISPOSITION**

The motion to dismiss the appeal is granted.


_____
Dondero, J.


We concur:


_____
Humes, P.J.


_____
Margulies, J.