Filed 8/10/15  A.R. v L.N. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| A.R.,<br><br>        Appellant,<br><br>    v.<br><br>L.N.,<br><br>        Respondent. | B259753<br><br>(Los Angeles County<br>Super. Ct. No. SF001525) |

APPEAL from an order of the Superior Court of Los Angeles County.  Shelley Kaufman, Judge.  Dismissed.

Weissburg Law Firm and Diane B. Weissburg for Appellant.

Feinberg, Mindel, Brandt & Klein, Wallace S. Fingerett and Taylor Bouchard Wallin for Respondent.

\* \* \* \* \* \* \* \* \* \*

In this paternity action, father A.R. appeals an order setting aside sanctions of $1,000 ordered against mother L.N and her counsel. For the reasons set forth below, we lack jurisdiction to consider this appeal and accordingly dismiss the appeal.

**BACKGROUND**

On July 18, 2011, father commenced this paternity action against mother to establish a parental relationship with the parties' minor child. The parties entered into a stipulation establishing father's paternity on September 30, 2011. Thereafter, the litigation became contentious, with numerous modifications of the court's temporary custody and visitation orders.

The trial on custody took place on April 24, 25, May 1, 2, 15, and 16, 2014. On July 10, 2014, the trial court issued a lengthy statement of decision providing the parties with joint legal and physical custody of the child, and establishing a visitation schedule. The statement of decision reserved decision on the issues of child support and attorney fees. The trial court's statement of decision specified: "Orders for child support and attorney fees are not included in this Statement of Decision and will be addressed separately." The statement of decision also provided that mother was to prepare a judgment within 20 days. No judgment or notice of entry of judgment was initially included in the appellate record, though at oral argument, we granted father's request to lodge a copy of the August 15, 2014 custody judgment with this court. The August 15, 2014 judgment provided (consistently with the statement of decision) that jurisdiction was reserved to enter judgment for attorney fees and child support.

On July 24, 2014, the trial court conducted a trial on the issue of child support and attorney fees, and issued its tentative statement of decision in its minutes and orally on the record, ordering father to pay child support of $1,341 per month and to pay attorney fees of $54,550 to mother. Mother was ordered to prepare the statement of decision. However, no statement of decision or judgment appears in the appellate record, and mother's appellate brief indicates that the judgment concerning child support and attorney fees has not yet been entered by the trial court.

2

On August 29, 2014, mother's counsel filed a notice of attorney lien, providing that it "has an attorney lien for legal services rendered on behalf of [mother] . . . . [¶] This lien shall attach to any personal and real property awarded to, charged to, or obtained by [mother] in this proceeding. . . ." On September 4, 2014, mother's counsel filed an ex parte application seeking modification of the court's attorney fee award, to make the fees payable to counsel rather than mother. The ex parte application urged that counsel had a lien on the attorney fees the court ordered payable to mother. The trial court shortened time on the motion, and set it for hearing on September 30, 2014.

At the September 30, 2014 hearing, mother voiced her disagreement with the order sought by her attorneys, asserting that the fee issue was between her and her attorneys, and should not be reflected in the court's judgment. The trial court granted the requested modification, and ordered that attorney fees would be payable to mother and her lawyer jointly, and indicated that mother and her attorneys should work out what was owed between them. At the hearing, father's counsel orally requested to be compensated for her fees in appearing at the hearing, asserting the hearing had nothing to do with her client (and was essentially a waste of her time). The court "award[ed] sanctions of attorney's fees payable by [mother] and [mother's] counsel jointly and severally of $1,000" under Family Code section 271. Mother objected that there was no notice or an opportunity to be heard regarding sanctions under section 271.

On October 17, 2014, mother and her counsel filed an ex parte application to set aside the trial court's September 30, 2014 sanctions order. The motion was made under Code of Civil Procedure section 473, subdivision (d). The memorandum of points of authorities argued that the order was void because Family Code section 271 requires notice, and sanctions can only be awarded against a party and not counsel. The court shortened time on the motion, and scheduled it for hearing for October 22, 2014. Father filed a lengthy opposition to the motion.

At the October 22, 2014 hearing, the court found its September 30, 2014 order was void, concluding that Family Code section 271 does not authorize an award of sanctions against an attorney. Father requested sanctions payable by mother, in the event that

3

counsel could not be held liable, for having been "drag[ged]" to court by mother's ex parte applications. The court denied the request for sanctions, and set aside its previous order.

On October 29, 2014, father filed a notice of appeal from the court's October 22, 2014 order. The notice of appeal stated that the appeal was from "[a]n order after judgment under Code of Civil Procedure section 904.1(a)(2)." The notice of appeal further stated that the appeal was authorized under "Family Code 904.1(10); 904.1(b)."

## DISCUSSION

Father contends the trial court erroneously vacated its sanctions order against mother and her counsel. Mother contends that this court lacks jurisdiction over the appeal because the order was not made after an appealable judgment. We agree that the order is not appealable, and therefore dismiss this appeal.

There is no constitutional right to appeal; the appellate process is controlled by statute. (*Anchor Marine Repair Co. v. Magnan* (2001) 93 Cal.App.4th 525, 528; see also *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696 (*Griset*).) "A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset*, at p. 696; see also Code Civ. Proc., § 904.1.) Generally, there can only be an appeal from a *final* judgment. (*Griset*, at p. 697; see also Code of Civ. Proc., § 904.1, subd. (a)(1).) If a judgment leaves unresolved issues, it is not final, and an appeal from the judgment must be dismissed. (*Griset*, at p. 697.) However, section 904.1 also permits appeals from orders made after an appealable judgment (§ 904.1, subd. (a)(2)), or "an order made appealable by the provisions of . . . the Family Code" (*id.,* subd. (a)(10)).

Father's notice of appeal indicates that the October 22, 2014 order is an appealable postjudgment order.[1] (See Code Civ. Proc., § 904.1, subd. (a)(2).) But at no time before

---

[1] Father's statement of appealability in his opening brief also indicates that this is an appeal from a final judgment under Code of Civil Procedure section 904.1, subdivision (a)(1). His notice of appeal further indicates that the appeal is authorized by the Family Code (Code Civ. Proc., § 904.1, subd. (a)(10)) or as an appeal from a "Sanction order[] or judgment[] of five thousand dollars ($5,000) or less . . . after entry of

4

oral argument on this appeal was held on July 28, 2015, was there a final judgment in this action.

The appellate record initially filed by father did not include any judgment or notice of entry of judgment. The burden was on father to provide this court with a proper record to resolve the appeal. (*Altman v. Poole* (1957) 151 Cal.App.2d 589, 593; see also Cal. Rules of Court, rule 8.122(b)(1) [required contents of clerk's transcript].) At oral argument, father's counsel represented that she was in possession of a final judgment, disposing of the issues of custody, support, and attorney fees, that was entered on August 15, 2014. In reliance on that representation, we granted father leave to file the judgment with the court not later than the close of business the following day, July 29, 2015. However, the documents submitted by counsel on July 29, 2015, as described above, do not include any final judgment, but instead, only a custody judgment entered on August 15, 2014, that reserved the issues of support and attorney fees for a subsequent judgment.

The custody judgment was not a final judgment, as it explicitly reserved resolution of child support and other matters. (See *Olson v. Cory* (1983) 35 Cal.3d 390, 399 [A judgment is "final" for purposes of appeal if it decides the parties' rights and duties and terminates the litigation. " '[W]here anything further in the nature of judicial action on the part of the court is essential to a final determination of the right[s] of the parties, the decree is interlocutory' " and thus not appealable.]; *In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1216-1217; see also *In re Marriage of Griffin* (1993) 15 Cal.App.4th 685, 689.)

On August 3, 2015, without obtaining leave of court, father filed a judgment on the reserved issues that was entered by the trial court on July 28, 2015, apparently after oral argument in our court. Mother filed an objection to father's submission, stating she had not previously objected at oral argument to this court's grant of permission to file the

---

final judgment in the main action . . . ." (§ 904.1, subd. (b)). However, there is no Family Code section authorizing an appeal from the October 22, 2014 order, and as we shall discuss, at no time before oral argument on this appeal was there a final judgment.

final judgment by not later than July 29, 2015, because she accepted as true the statement of father's counsel that a final judgment on the reserved issues had been entered on August 15, 2014.  However, mother correctly pointed out that, in fact, no final judgment was entered until after oral argument on this appeal.

We lack jurisdiction to consider father's appeal.  Rule 8.104(d) of the California Rules of Court does not permit us to consider this appeal, because that rule applies to a premature appeal from an order or judgment the court announced but did not enter after the notice of appeal was filed.  This appeal is from a nonappealable order entered October 22, 2014, *not* from the judgment entered July 28, 2015.  Rule 8.100(a)(2), requiring that a notice of appeal must be liberally construed, does not apply here either for a number of reasons, including that to apply it here would mislead or prejudice mother.  (See, e.g., *Vibert v. Berger* (1966) 64 Cal.2d 65, 68.)  The mandate to liberally construe a notice of appeal does not apply when the appellant has misrepresented to the court the claimed basis for appellate jurisdiction, as father has done in this appeal.

### DISPOSITION

The appeal is dismissed.  Respondent is awarded her costs on appeal.


GRIMES, J.

WE CONCUR:

BIGELOW, P. J.


OHTA, J*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6