Filed 3/29/24  Gael v. California Physicians' Service CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MICHAEL GAEL et al.,<br><br>        Plaintiffs and Appellants,<br><br>        v.<br><br>CALIFORNIA PHYSICIANS' SERVICE,<br><br>        Defendant and Respondent. | B327266<br><br>Los Angeles County<br>Super. Ct. No. 19TRCV00386 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gary Y. Tanaka, Judge.  Affirmed.

Law Office of Josiah Young, Josiah Young and Michael D. McClelland for Plaintiffs and Appellants.

Manatt, Phelps & Phillips, Ileana M. Hernandez, Craig S. Rutenberg and Joanna S. McCallum for Defendant and Respondent.

_____

Two men were injured while visiting Costa Rica. They spent six days in a hospital there, then took an air ambulance to

a hospital in California. The ambulance company billed the men's health insurance company, which denied coverage on the ground that the air ambulance was not medically necessary. The men and the ambulance company sued the insurance company. The trial court granted summary judgment for the insurance company. On appeal, the men and the ambulance company exclude pertinent documents from their record, do not cite evidence of a disputed fact, and raise new theories. We affirm.

We review an order granting summary judgment under the familiar standard. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843, 850–851, 860 (*Aguilar*).) We presume judgments are correct and appellants have the burden affirmatively to demonstrate error. (*Claudio v. Regents of the University of California* (2005) 134 Cal.App.4th 224, 230 & 252 (*Claudio*).)

Although appellate courts independently review orders granting summary judgment (*Aguilar*, *supra*, 25 Cal.4th at p. 860), the appellants have provided an insufficient record to do so. Appellants must furnish appellate records sufficient to consider the issues on appeal and our review is limited to matters in that record. (*People v. Neilson* (2007) 154 Cal.App.4th 1529, 1534 (*Neilson*).) The appellants excluded from the appellate record many pertinent documents, most notably the insurance company's summary judgment motion and evidence and the appellants' opposition evidence. We therefore presume the trial court correctly found the insurance company met its burdens.

The appellants have not identified a triable issue of fact. Appellants must identify a triable issue by citing the record. (*Claudio*, *supra*, 134 Cal.App.4th at p. 230; Cal. Rules of Court, rule 8.204(a)(1)(C) [briefs must support references to matters in

2

the record by citing the volume and page number where the matter appears].)  Specifically, to establish a disputed fact, parties must point to *evidence* in the record.  (*Jackson v. County of Los Angeles* (1997) 60 Cal.App.4th 171, 178, fn. 4.)  The fact section of the appellants' opening brief exclusively cites the unverified complaint rather than evidence.  The appellants say they produced expert testimony that opposed the insurance company's evidence and point to pages 446 to 456 of their appendix.  These pages are not in the appendix.  If they had been included, this single citation without an explanation of the supposed disputed fact would be insufficient.  The appellants also cite pages 863 and 865 of their appendix to argue they presented evidence that established a disputed fact.  Those are pages of the trial court's ruling and are not evidence.  The appellants fail to identify a triable issue of fact.

In their reply brief, the appellants blame the insurance company for "any issue with the record," but this belated point is incorrect.  The record is their burden.  (*Neilson*, *supra*, 154 Cal.App.4th at p. 1534.)  The appellants complain the insurance company made an "unjustified and overbroad" request to seal records in the trial court.  Their briefs do not attempt to explain this issue further.  In the trial court, they did not file an opposition to the motion to seal and they skipped the hearing on it.  On appeal, they have not provided redacted versions or sealed versions of the missing records.  Nor have they moved to unseal records.  (See Cal. Rules of Court, rule 8.46(f).)  Their appendix also excludes nonsealed records, such as their own opposition evidence.  It is unclear how the insurance company would be at fault for that omission.  The insurance company's submission of its own appendices, which the appellants never cite, is

3

inconsequential.  These appendices do not change that the appellants provided an insufficient record and have not cited a triable issue of fact.

The appellants forfeited theories they failed to raise in the trial court.  On appeal from a grant of summary judgment, we need not consider arguments or theories that plaintiffs did not advance in the trial court.  (*DiCola v. White Brothers Performance Products. Inc.* (2008) 158 Cal.App.4th 666, 676.)  The appellants argue the trial court erred by failing to apply the "prudent layperson standard."  They did not raise this theory in the trial court.  They argue other new theories, including theories about a contractual provision being ambiguous and arguments about different statutory provisions, which they also forfeited.

**DISPOSITION**

We affirm and award costs to California Physicians' Service.


WILEY, J.


We concur:



STRATTON, P. J.



GRIMES, J.