Filed 1/28/25  P. v. Street CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B337312 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA086128) |
| v. | |
| BYRON KEITH STREET, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William Sadler, Judge.  Affirmed.

Byron Keith Street, in pro. per.; Janyce Keiko Imata Blair, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Appellant Byron Keith Street appeals from an order denying his petition filed under Penal Code section 1172.6 (former section 1170.95).[1]  After his appointed appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 attesting she could find no arguable issues, Street filed a supplemental brief.  Finding no error, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND[2]**

### A.    *Street Is Convicted of Murder*

In August 2015, a second amended information charged that Street "did unlawfully, and with malice aforethought[,] murder PATRICK ODOI-KEYNE," that the murder occurred while Street was engaging in burglary, and that Street "personally and intentionally discharged a firearm . . . which caused great bodily injury and death to PATRICK ODOI-KEYNE."  The information also charged Street with false personation, counterfeit seal, three counts of vandalism, and first degree residential burglary.

In September 2015, a jury convicted Street on all counts. Regarding the murder charge, the jury found Street guilty of murder in violation of section 187, found true that the murder was felony murder, found true that the murder was committed

_____

[1] Undesignated statutory references are to the Penal Code. Effective June 30, 2022, section 1170.95 was renumbered as 1172.6 without substantive change.  (*People v. Strong* (2022) 13 Cal.5th 698, 708, fn. 2.)  For clarity, we use the current statutory numbering.

[2] We limit our summary to the facts and procedural history relevant to the issues raised on appeal.

while Street was engaged in burglary, found that the murder was in the first degree, and found that Street "personally and intentionally discharged a firearm, a handgun, which caused great bodily injury and death."

The court sentenced Street to 25 years to life for first degree murder, 25 years to life for the gun enhancement, and life without the possibility of parole for committing murder while engaged in burglary. The court also sentenced Street to four years for burglary, eight months for false personation, eight months for counterfeit seal, and eight months for each of the three counts of vandalism, for a total of seven years and four months to run concurrently.

Street appealed and, in 2017, we affirmed the convictions but found the sentence unauthorized; we ordered the trial court to strike the sentence for 25 years to life for the first degree murder, and to stay the sentence for burglary. (*People v. Street* (June 21, 2017, B267285) [nonpub. opn.].) In March 2018, the trial court resentenced Street to life without possibility of parole for the murder committed during a burglary, plus 25 years to life for the gun enhancement, to be served consecutively. The court additionally resentenced Street to four years for the burglary— which sentence it stayed—and two years each for the other five counts, to be served concurrently with the sentence for murder. Street again appealed and we affirmed. (*People v. Street* (Dec. 27, 2018, B287424) [nonpub. opn.].)

## B.  *Street Petitions for Resentencing*

### 1.  Petition

In March 2023, Street filed a form petition for resentencing, checking boxes next to allegations that he "was

3

convicted of murder . . . following a trial" and that he "could not presently be convicted of murder . . . because of changes to Penal Code §§ 188 and 189; effective January l, 2019." He requested the appointment of counsel. The superior court apparently appointed the public defender's office to represent him.

### 2. Opposition

In August 2023, the People opposed the petition, arguing that Street was ineligible for relief as a matter of law because the jury was not instructed on the natural and probable consequences doctrine and, while it was instructed on felony murder, it necessarily convicted Street as the actual killer.

The People attached to their opposition the jury instructions given at Street's trial, which contained no instructions on the natural and probable consequences doctrine. Instead, the jury was instructed that Street "has been prosecuted for murder under two theories: (1) malice aforethought, and (2) felony murder," and that it could not "find the defendant guilty of murder unless all of you agree that the People have proved that the defendant committed murder under at least one of these theories."

The People also attached the jury verdict forms, including the verdict form for the murder charge, in which the jury found true that, when Street murdered Odoi-Keyne, he personally and intentionally fired a handgun which caused great bodily injury and death.

### 3. Reply

In November 2023, the public defender's office wrote a letter to Street indicating it had reviewed Street's "pleadings/motion," and it appeared that Street was asserting "at

4

least twelve instances of ineffective assistance of counsel."[3]  As such, the public defender's office stated it would be "a conflict of interest" to continue representing him.  In December 2023, Street asked the court to appoint alternate counsel, and the court appointed panel counsel.

In January 2024, Street's new counsel filed a reply brief in which he argued that the court was not permitted to engage in factfinding at this stage of the proceedings.  The reply brief contended that, because Street had filed a facially sufficient petition under section 1172.6, he was entitled to an evidentiary hearing.

### 4.      Ruling

At the March 2024 hearing to determine whether Street had made a prima facie showing, both parties submitted on their briefing.  The court found that Street had not made a prima facie showing because "the record in this case completely forecloses the possibility that petitioner was convicted of a now invalid theory as a matter of law."  Street timely appealed.

## DISCUSSION

Under section 1172.6, subdivision (a), "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, . . . may file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts when all of the

---

[3] These "pleadings/motion" do not appear in the appellate record.

5

following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . . [¶] (2) The petitioner was convicted of murder . . . following a trial . . . . [¶] (3) The petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019."

Section 188, subdivision (a)(3) was amended to provide: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime."  Section 189, subdivision (e) was amended to provide, in pertinent part: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [which list includes burglary] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer."

Here, Street was prosecuted under two theories of murder: malice aforethought and felony murder.  The jury was instructed that it could not convict Street of murder unless it found him guilty under one of those two theories.  If the jury found Street guilty of malice aforethought murder, then it necessarily found that he acted with malice aforethought, and he could still be convicted despite the changes to sections 188 and 189.  If the jury found Street guilty of felony murder, then he could still be convicted of murder despite the changes to sections 188 and 189 because the jury also found that he was the actual killer.

6

In his supplemental brief, Street alleges a litany of errors regarding his trial and conviction: (1) his arrest was unlawful (2) there was an illegal search; (3) the district attorney withheld exculpatory evidence; (4) his trial counsel was ineffective; (5) the jury was erroneously instructed; (6) there was reasonable doubt as to his guilt and insufficient evidence to convict him; (7) his burglary conviction was erroneous; and (8) his sentence was illegal; Street also states "to make it crystal clear, Petitioner asserts that he is only challenging the murder/burglary special circumstance and the 25 to life gun enhancement." But Street does not dispute that he was convicted of either malice aforethought murder or felony murder where he was the actual killer.

" 'The purpose of [section 1172.6] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved.' " (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947; see also *People v. Coley* (2022) 77 Cal.App.5th 539, 549 [section 1172.6 "is not a means by which a defendant can relitigate issues already decided"].)  Section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error." (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.)

"Judgments and orders are presumed correct, and the party attacking a judgment or order has the burden of affirmatively demonstrating error." (*People v. Neilson* (2007) 154 Cal.App.4th 1529, 1534.)  In making no argument as to the only issue actually before us—whether the superior court erred in denying his petition under section 1172.6 at the prima facie stage because he

was ineligible for relief as a matter of law—Street has failed to demonstrate error.

## DISPOSITION

The order is affirmed.
NOT TO BE PUBLISHED

M. KIM, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.