Filed 12/23/24  P. v. Wilson CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE , <br><br> Plaintiff and Respondent, <br><br> v. <br><br> BILLY GENE WILSON, <br><br> Defendant and Appellant. | F087723 <br><br> (Super. Ct. No. F22901338) <br><br> **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Hill, P. J., Detjen, J. and Snauffer, J.

Appellate counsel for defendant Billy Gene Wilson has filed an opening brief summarizing the pertinent facts and raising no issues but asking this court to review the record independently.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  The opening brief also includes a declaration from appellate counsel stating defendant was advised of his right to file a brief of his own with this court.  By letter dated May 15, 2024, we also invited defendant to submit additional briefing.  Defendant responded on May 29, 2024, asking about the status of other matters before this court.[1]  Defendant did not raise any new issues for the court to consider in this appeal at that time.  However, on September 26, 2024, defendant requested the opportunity to present additional briefing, claiming he was having trouble communicating with appellate counsel.  Defendant was granted additional time to submit briefing, which was received by this court on October 24, 2024.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record.  Following our Supreme Court's direction in *Kelly*, we provide a brief description of the facts and the procedural history of this case.  (*Kelly*, at p. 110.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## PROCEDURAL AND FACTUAL SUMMARY

On March 3, 2022, defendant was charged with attempted oral copulation or sexual penetration of a child under the age of 10 (Pen. Code,[2] §§ 664/288.7, subd. (b), a felony; count 1), attempted murder (§§ 664/187, subd. (a), a felony; count 2), and

---

[1]     Defendant's response to this court's letter was to inquire about the status of his request for the appointment of counsel and a writ of mandate.  We responded on May 29, 2024, that counsel had been appointed, and that the writ of mandate had been assigned the case No. F088051.  Defendant's writ of mandate was denied on June 18, 2024, due to the failure to provide an adequate record.  (*Wilson v. Superior Court* (Jun. 18, 2024, F088051) [nonpub. order].)

[2]     All further statutory references are to the Penal Code.

unlawful possession of a firearm by a felon (§ 29800, subd. (a)(1), a felony; count 3). Attached to count 1 was an enhancing allegation stating defendant administered a controlled substance to a child by force (§ 12022.75), while count 2 added an enhancing allegation stating defendant intentionally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)). The complaint also contained an allegation that defendant had a prior strike conviction (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

Following a request that defendant be seen by a psychiatrist, defendant was found not competent within the meaning of section 1368 on July 12, 2022, and criminal proceedings were suspended. Approximately one year later, on July 12, 2023, defendant was found competent and criminal proceedings were then reinstated. A date for a preliminary hearing was also chosen at this time.

On October 26, 2023, a first amended felony complaint was filed adding a new count alleging defendant committed a lewd act upon a child (§ 288, subd. (a), a felony).[3] On this same day, defendant executed a felony advisement of rights form agreeing to plead no contest to all four counts alleged for a potential sentence of no more than 18 years eight months. That plea was accepted by the court.

Prior to being sentenced, defendant sent two handwritten letters to the court expressing his reasons for and frustrations with agreeing to the plea.[4] However, before being sentenced on January 19, 2024, defendant acknowledged, on the record, that he was no longer asking to withdraw or change his plea. Thereafter, when the trial court accepted the plea agreement, the attorneys representing defendant and the prosecution stipulated there was a factual basis supporting the pleas on each count alleged in the

---

[3]     This new count became count 3 and the original count 3 charging unlawful possession of a firearm by a felon was renumbered to be count 4.

[4]     While there was some confusion about the number of letters, there are actually two letters in the record, as defendant explained he mailed one letter twice because he was unsure whether the first letter was received.

3.

felony compliant. Defendant was then sentenced to the upper term of nine years for count 1. Consecutive terms of two years four months for count 2, two years for count 3, and eight months for count 4, were also imposed. Each of these consecutive terms equaled one-third of the middle terms available for the specific offenses involved. The total term of imprisonment was 14 years eight months, with defendant receiving 794 days of presentence custody credit.

A notice of appeal was filed on March 8, 2024. With the notice of appeal, defendant made a request for the issuance of a certificate of probable cause, raising a number of factual challenges that would have been potentially relevant if he had gone to trial in this matter. Defendant also noted his mental health was not taken into consideration and that he was denied a mental health diversion. The request for a certificate of probable cause was denied by the trial court on March 8, 2024.

## DISCUSSION

Having carefully reviewed the entire record, we conclude there are no arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441–443.) However, we choose to address two general issues seemingly raised by defendant through his request for a certificate of probable cause. In addition, in two letters to the trial court before he was sentenced, defendant suggests the possibility he was improperly forced to enter into the plea agreement.

Apprehension after entering into a plea agreement is not a valid basis for setting aside that agreement. (*People v. Knight* (1987) 194 Cal.App.3d 337, 344.) Specifically, feeling pressure to enter into a plea does not constitute duress as such pressure is the same as every other defendant faces with the option of going to trial or accepting a plea bargain. (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.) Under section 1237.5, it is generally accepted that only two types of issues may be raised in an appeal following a plea of guilty or nolo contendere without the issuance of a certificate of probable cause: "(1) search and seizure issues for which an appeal is provided under section 1538.5,

4.

subdivision (m); and (2) issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed." (*People v. Panizzon* (1996) 13 Cal.4th 68, 74.) Therefore,

> " ' "By pleading guilty, a defendant admits the sufficiency of the evidence establishing the crime, and is therefore not entitled to a review on the merits. [Citations.] '[I]ssues which merely go to the guilt or innocence of a defendant are "removed from consideration" by entry of the plea.' [Citation.]" ' " (*People v. Moore* (2003) 105 Cal.App.4th 94, 99.)

Defendant also suggests his mental health should have been taken into consideration presumably at the time of sentencing. On an appeal from a final judgment, we are limited to the record provided in the appeal. (*People v. Neilson* (2007) 154 Cal.App.4th 1529, 1534.) The record before this court provides no evidence defendant was mentally incompetent either at the time he agreed to the plea or when he was sentenced.

The issues raised by defendant in his letter brief filed on October 24, 2024, also fail to support any kind of relief in this appeal. First, defendant challenges the sufficiency of the evidence supporting his plea. However, as noted above, the sufficiency of the evidence is not an issue we can address following a change of plea under section 1237.5.

Defendant also contends he is entitled to relief due to an act that violates the Racial Justice Act (Act) (§ 745). Defendant specifically contends the district attorney's assumption he was already a registered sex offender constituted a violation of the Act. Section 745 provides:

> "(a) The state shall not seek or obtain a criminal conviction or seek, obtain, or impose a sentence on the basis of race, ethnicity, or national origin. A violation is established if the defendant proves, by a preponderance of the evidence, any of the following:
>
> > "(1) The judge, an attorney in the case, a law enforcement officer involved in the case, an expert witness, or juror exhibited bias or animus

5.

towards the defendant because of the defendant's race, ethnicity, or national origin."

Aside from making allegations that suggest the prosecutor in this case had an improper motive when pursuing a certain sentence against him, defendant has not provided a record showing this issue was raised or pursued in any way in the trial court, or that the prosecutor's statements were racially motivated. Case law has held that claims under section 745 cannot be raised for the first time on appeal. (See discussion in *People v. Singh* (2024) 103 Cal.App.5th 76, 113–116.) Therefore, we are not able to consider this issue either substantively or procedurally.

## **DISPOSITION**

The judgment is affirmed.