Filed 3/7/25  P. v. Prokopowicz CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GREGORY PROKOPOWICZ,<br><br>    Defendant and Appellant. | A166800<br><br>(Contra Costa County<br>Super. Ct. No. 05002014058) |

**MEMORANDUM OPINION**[1]

Pursuant to a negotiated agreement, Gregory Prokopowicz pleaded guilty to the willful, deliberate, and premeditated murder of his wife.  Under Penal Code[2] section 1026, Prokopowicz also pleaded not guilty by reason of insanity and proceeded to a bench trial on that issue, contending that at the time of the murder "he was operating under the delusional premise that his wife had been planning his death and that he was at risk for being burned to death where he was living."  The trial court found that Prokopowicz had

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.  We provide a limited factual summary because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

[2] All statutory references are to the Penal Code.

failed to prove he was legally insane at the time of the murder, and Prokopowicz was sentenced to 25 years to life in state prison. (§ 25.) In this appeal, he argues "the court erred by relying on" *People v. Leeds* (2015) 240 Cal.App.4th 822 (*Leeds*), which examined self-defense principles in the context of an insanity defense. We conclude there was no prejudicial error and affirm the judgment accordingly.

"Judgments and orders are presumed correct, and the party attacking a judgment or order has the burden of affirmatively demonstrating error. (*People v. Neilson* (2007) 154 Cal.App.4th 1529, 1534.) On appeal, the substantial evidence test applies. (*People v. Powell* (2018) 5 Cal.5th 921, 957.) When the error is "legal" and "not merely factual" in nature, prejudice is presumed and reversal is required "absent a basis in the record to find that the verdict was actually based on a valid ground." (*People v. Guiton* (1993) 4 Cal.4th 1116, 1129.) As we explain below, there is such a basis in the record here, so we cannot presume prejudice; instead, we conclude that the purported error was harmless beyond a reasonable doubt. (See *People v. Jantz* (2006) 137 Cal.App.4th 1283, 1296.)

"In any criminal proceeding . . . in which a plea of not guilty by reason of insanity is entered, this defense shall be found by the trier of fact only when the accused person proves by a preponderance of the evidence that he or she was incapable of knowing or understanding the nature and quality of his or her act and of distinguishing right from wrong at the time of the commission of the offense." (§ 25, subd. (b).) Under this standard, "if a person is incapable, because of a mental disease or defect, of understanding that his actions are morally wrong—that is, in violation of generally accepted standards of moral obligation—then that person is legally insane, regardless

2

of whether he knows his actions are illegal." (*People v. Severance* (2006) 138 Cal.App.4th 305, 323.)

Here, the trial court issued a 21-page written decision explaining why Prokopowicz had not made that requisite showing. In part I., the court set forth the case's procedural history. In part II., the court outlined the applicable legal principles and framed the issue: "whether the evidence demonstrates that" Prokopowicz "did not appreciate or understand that the killing of [his wife] violated generally recognized moral standards of behavior." Part III. is devoted to the court's discussion of that issue, and its first subheading, A., is entitled "Application of Legal Principles to the Facts." In this subsection, the court noted that four expert witnesses for the defense testified that Prokopowicz was insane at the time of the killing and only one expert witness for the prosecution testified that he was not. As the court observed, a "fact finder . . . is not required to adopt the opinions of one or more experts even in the absence of any contrary expert opinion." (See also *People v. Skinner* (1986) 185 Cal.App.3d 1050, 1059 [on appeal, agreement between expert witnesses is not determinative; appellate court's inquiry is limited " ' "to a determination whether there is substantial evidence in the record to support the [trial court's] verdict of sanity" ' "].) In Prokopowicz's case, it was prosecution expert, Dr. Paul Good, "a clinical psychologist, whose opinion [the] court [found] particularly persuasive on the issue of whether the defendant appreciated that his conduct was contrary to generally recognized moral standards or values <u>at the time of the offense</u> (emphasis added)."

Whereas defense counsel in closing argument had contended that "[a]t the moment [Prokopowicz] killed [his wife] he was terrified and frantic," "[c]onvinced death was closing in" and the "woman he loved so desperately . . . was going to kill him," the trial court in its written decision disagreed

3

with this characterization of the evidence. Instead, the court concurred with Dr. Good's opinion that other "facts establish . . . the primary reason for [the] killing." Under this alternative theory advanced by Dr. Good, Prokopowicz killed his wife because she "had rejected [his] entreaties that she live up to her marital vows, return to their marital relationship," and "fully act as his wife." Thus, on the trial court's reasoning, Prokopowicz's capacity for distinguishing right from wrong was not impaired at the time of the offense by his delusions concerning his wife's plans to kill him, because he was not being influenced by those delusions in the commission of the offense. It was for this reason, explained in part III.A. of the written decision, that the trial court was persuaded by Dr. Good's opinion, which held that Prokopowicz knew his conduct was wrong at the time of the offense. Under the circumstances, that conclusion dispositively ruled out Prokopowicz's insanity defense.

The trial court did not, therefore, decide this case based upon a misunderstanding that the defense theory relied on proof that Prokopowicz killed because his delusion caused him to fear he was in immediate danger at the commission of the offense. It was not persuaded that Prokopowicz's delusions caused him to believe he was morally justified to kill, even in the absence of an identifiable imminent danger. Throughout the written decision, the court concentrates on the key question whether Prokopowicz was able to appreciate or understand that the killing of his wife violated generally recognized moral standards of behavior.

Importantly, the court's straightforward logic does not depend on *Leeds*, *supra*, 240 Cal.App.4th 822, or the principles of self-defense in any

4

way—even if *Leeds* is invoked in later subsections of the decision.[3]  Because the trial court's finding with respect to Prokopowicz's sanity rested independently on a valid ground that was unrelated to the alleged error concerning *Leeds*, and was supported by substantial evidence (*People v. Powell, supra*, 5 Cal.5th at p. 957), any such error was necessarily harmless beyond a reasonable doubt.

## DISPOSITION

We affirm.

SMILEY, J.

WE CONCUR:

BANKE, ACTING P. J.
LANGHORNE WILSON, J.

A166800
*People v. Prokopowicz*

---

[3] We observe that after identifying factual similarities with *Leeds*, the written decision cites *Leeds* to support its position that Prokopowicz's behaviors after the shooting—attempts to evade police apprehension, including disposing of clothing and fleeing the scene—are relevant to a finding that Prokopowicz appreciated the moral wrongfulness of his behavior. A majority of the trial court's discussion of the facts concentrates on Prokopowicz's awareness that society might view the killing of his wife as immoral, a reflection of his understanding of moral standards of conduct external to him that apply to his conduct.  Our review does not find, as Prokopowicz argued, that the trial court incorrectly applied the guilt phase law of self-defense to Prokopowicz's sanity phase trial.

5