Filed 4/15/25  California State Grange v. San Luis Obispo Guild Hall CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| CALIFORNIA STATE GRANGE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>SAN LUIS OBISPO GUILD HALL,<br><br>　　Defendant and Appellant. | 2d Civ. No. B326399<br>(Super. Ct. No. 19CV-0427)<br>(San Luis Obispo County) |

San Luis Obispo Guild Hall appeals the judgment entered after the trial court granted a motion for summary judgment filed by plaintiff and respondent California State Grange. Respondent's complex lawsuit claimed that it is entitled to real and personal property possessed by appellant.  Based on the "neutral principles of law approach" set forth in *National Grange of Order of Patrons of Husbandry v. California Guild* (2017) 17 Cal.App.5th 1130, 1150 (*National Grange*)), the trial court

determined that the "property belongs to and must be returned to [respondent.]"

The trial court further determined that respondent is entitled to the property on a separate ground advanced by respondent in its motion for summary judgment: appellant's members "did not 'faithfully comply' with their own rules and policies, thus making their actions null and void, including their acts in taking possession of the [property]." In its brief respondent refers to this separate ground as the "violation-of-oaths argument."

We affirm for two reasons. First, appellant has failed to provide an adequate record for appellate review. The pleadings and motion for summary judgment are missing. Second, assuming for purposes of discussion that appellant provided an adequate record, appellant has failed to carry its burden of showing that, as to the "violation-of-oaths argument," there are triable issues of material fact or that respondent is not entitled to judgment as a matter of law.

*Factual and Procedural Background*

Respondent California State Grange is part of "The Order of Patrons of Husbandry [(Order),] . . . a nationwide fraternal organization that was formed in 1867 to represent the interests of America's farmers. The Order has a multitiered, hierarchical structure and representative form of government that is prescribed by its digest of laws . . . . Under the Order's constitution, the Order consists of six divisions, including . . . state granges . . . (which are state delegate bodies), and the National Grange, which is 'the controlling and supreme law making division of the Order from which body all the other Granges of the divisions of the Order . . . derive their rights and

2

powers.'" (*National Grange, supra*, 17 Cal.App.5th at p. 1135, fns. omitted.)

The trial court's ruling on the summary judgment motion provides the following background information concerning the present lawsuit (record citations omitted):

1. "[Respondent] is one of the National Grange's state-level divisions, with jurisdiction over the divisions of other granges in California, called 'Subordinate Granges.' One of those Subordinate Granges is San Luis Obispo Grange No. 639" (Grange No. 639), which "was created in 1939 as an unincorporated association." (According to appellant's opening brief, "[i]n 1946[] Grange [No.] 639 purchased land and in 1948 built a hall [San Luis Obispo Grange Hall] with its own funds raised from the community.") In 1949 Grange No. 639 incorporated as a nonprofit California corporation.

2. "In 2013, . . . [respondent's] charter was revoked [by the National Grange]." Respondent alleges that it "was reorganized and its charter restored in July of 2014." (*See National Grange, supra*, 17 Cal.App.5th at p. 1140 ["In February 2014, a number of Subordinate Granges in California organized a new corporation . . . to become the new chartered [California] State Grange within the Order. In July 2014, the National Grange granted a charter to this new organization"].)

3. Respondent alleges that, "[f]ollowing [its] charter revocation, . . . 'certain of its former officers and members formed the California Guild, improperly retained control of . . . [respondent's] real and personal property, and attempted to convince others to leave' the Order."

4. Respondent further alleges that in 2016 Grange No. 639 amended its articles of incorporation to change its name to San

Luis Obispo Guild Hall, appellant's name. Grange No. 639 then "purported to transfer title to [its] Real Property" to appellant. The transfer did not comply with the National Grange's and respondent's rules.

5. In August 2018 respondent suspended Grange No. 639's charter. It "lifted the suspension . . . after [Grange No. 639's] membership elected officers in good standing in 2018, but [appellant] refused to relinquish control of [Grange No. 639's] real and personal property, and prevented [Grange No. 639's] members from using that property." Respondent "then revoked . . . Grange No. 639's charter on March 1, 2021, due to its failure to hold meetings due to [its membership's] inability to use the [San Luis Obispo Grange] Hall and the coronavirus pandemic."

6. "[Appellant] continues to occupy the Real Property and also controls San Luis Obispo Grange No. 639's financial accounts."

Respondent filed its original complaint in July 2019. In May 2021 respondent filed a second amended complaint, the operative pleading. In June 2021 appellant filed an answer to the second amended complaint. In October 2021 respondent filed a motion for summary judgment with supporting points and authorities. None of the above documents is included in the record on appeal. Nor does the record include the first amended complaint or the answer to that complaint. In February 2022 appellant filed opposition to the motion for summary judgment. The record includes the opposition and respondent's reply to the opposition.

In its ruling the trial court stated: "All of [respondent's] causes of action rest on the premise that [appellant] is wrongfully

4

withholding property, including the Real Property, which lawfully belongs to [respondent].  [Respondent] alleges that, upon revocation of [Grange No. 639's] charter, 'all right, title and interest' in the property held by San Luis Obispo Grange No. 639 transferred to [respondent] pursuant to the rules of the Order.  [Record citation.]  The former officers and members of Grange No. 639, now holding themselves out as [appellant] San Luis Obispo Guild Hall, have taken control of Grange No. 639's property, including the Real Property and $55,298.13 held in its financial accounts, and have refused to relinquish control of the Real Property and personal property."

According to the trial court's ruling, respondent's second amended complaint consists of six causes of action: (1) declaratory relief, (2) cancellation of deed and quiet title, (3) slander of title, (4) conversion, (5) ejectment, and (6) claim and delivery.

*The National Grange Case*

In *National Grange, supra*, 17 Cal.App.5th 1130, the Court of Appeal resolved a property dispute between the National Grange and the California Guild, which purported to be the successor to the California State Grange whose charter was revoked in 2014, hereafter "the former State Grange."  The National Grange sought a declaration "to the effect that the [California Guild] had no right to continue to possess or control grange property in California and that all real and personal grange property possessed or controlled by the [California Guild] should be transferred to the [newly chartered] California State Grange," i.e., respondent.  (*Id*. at p. 1145.)  Respondent was "permitted to intervene as plaintiff[] in the action."  (*Id*. at

5

p. 1140, fn. 5.) The trial court granted National Grange's motion for summary judgment.

In resolving the property dispute, the Court of Appeal applied the "neutral principles of law approach," which "involves the application of "'neutral principles of law, developed for use in all property disputes.'"" (*National Grange, supra*, 17 Cal.App.5th at p. 1150.) The court examined the record title to the former State Grange's headquarters, which was "held in the name of the old California State Grange." (*Id.* at p. 1159.) It also examined the former State Grange's articles of incorporation, constitution and bylaws, as well as the National Grange's constitution and bylaws. (*Id.* at pp. 1155-1156.) Finally, the court considered "provisions of the Nonprofit Mutual Benefit Corporation law (Corp. Code, § 7110 et seq.)" (*Id.* at p. 1157.)

Based on all of the above documents and provisions, the Court of Appeal concluded that the trial court had not erred "in granting summary judgment in favor of the National Grange." (*National Grange, supra*, 17 Cal.App.5th at p. 1163.) It affirmed the trial court's judgment declaring that (1) the California Guild has "'no standing to retain the real and personal property belonging to the [the former State Grange]'"; (2) "'the Newly Chartered State Grange [respondent] is properly recognized as the sole chartered Grange entity entitled to use and control Grange property in California'"; and (3) "'the property should revert to possession and/or control of the Newly Chartered State Grange under the Bylaws.'" (*Id.* at p. 1143.)

*The Trial Court's Ruling in the Present Case*

In March 2022 the trial court issued a detailed 13-page ruling granting respondent's motion for summary judgment. It

6

rejected appellant's claimed triable issues of material fact. The court explained (record citations omitted):

> Based upon the National Grange, the California State Grange, and San Luis Obispo Grange No. 639's articles of incorporation, constitution, bylaws, and rules, the undisputed evidence establishes that [respondent] prevails on all causes of action under the 'neutral principles of law' approach.
>
> The grant deed for the Real Property shows that title was held in the name of 'San Luis Obispo Grange No. 639.' San Luis Obispo Grange No. 639's charter, articles of incorporation, and bylaws all provided that it was a member of the National Grange and the California State Grange and bound by the rules of the Order. The Digest of Laws require that when a Subordinate Grange has its charter revoked, its property must remain with the Order, and San Luis Obispo Grange No. 639's bylaws require the same. Finally, as in *National Grange*, there are no relevant state statutes that prevent the application of the rules of the Order here.

As an alternative ground for granting the motion for summary judgment, the trial court accepted respondent's "violation-of-oaths argument." The trial court stated (record citations omitted):

> [Respondent] also argues that [appellant] is not entitled to control of San Luis Obispo Grange No. 639's corporation because its members did not 'faithfully comply' with their own rules and policies, thus making their actions null and void, including their acts in taking possession of the Real Property and bank accounts, amending the bylaws, and

7

recording the deed in 2016 purporting to transfer title to 'San Luis Obispo Guild Hall.'

[¶] . . .

The Court agrees that the alleged acts by certain members of San Luis Obispo Grange No. 639 directly contradicted their oaths to comply with the rules of the Order. [Respondent] has established its burden on summary judgment in showing that it is entitled to the property at issue.

*Principles of Summary Judgment and Standard of Review*

"A party asserting the action has no merit or there is no defense to the action may move for summary judgment. [Citation.]  The court shall grant a motion for summary judgment, 'if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'  [Citation.]  To determine whether a triable issue of material fact exists, the court must consider all evidence laid out in the moving papers and all inferences reasonably deducible from the evidence." (*Jones v. Awad* (2019) 39 Cal.App.5th 1200, 1206 (*Jones*).)  "[A] plaintiff [moving for summary judgment] bears the burden of persuasion that 'each element of' the 'cause of action' in question has been 'proved,' and hence that 'there is no defense' thereto." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)

"Appellate courts determine de novo whether an issue of material fact exists and whether the moving party was entitled to summary judgment as a matter of law.  [Citation.]  Upon review, the appellate court applies the same three-step analysis as the trial court.  [Citation.]  This requires the court to (1) identify the

8

issues framed by the pleadings, (2) determine whether the moving party has established facts justifying judgment in its favor, and (3) determine whether the nonmoving party has demonstrated a triable issue of material fact. [Citation.] In conducting its review, the appellate court must, 'view the evidence in a light favorable to . . . the losing party.'" (*Jones*, *supra*, 39 Cal.App.5th at pp. 1206-1207.)

*The Record Is Inadequate for Appellate Review*

The record is inadequate to review the granting of respondent's motion for summary judgment because it does not include the pleadings filed by the parties. "The pleadings play a key role in a summary judgment motion. '"The function of the pleadings in a motion for summary judgment is to delimit the scope of the issues . . . "' and to frame 'the outer measure of materiality in a summary judgment proceeding.' [Citation.] As our Supreme Court has explained it: 'The materiality of a disputed fact is measured by the pleadings [citations], which "set the boundaries of the issues to be resolved at summary judgment." . . . '" (*Hutton v. Fidelity National Title Co.* (2013) 213 Cal.App.4th 486, 493.)

"'[A] summary judgment motion is directed to the issues framed by the pleadings. [Citations.] Those are the only issues a motion for summary judgment must address.' . . ." (*Van v. Target Corp.* (2007) 155 Cal.App.4th 1375, 1387.) "A party may not oppose a summary judgment motion based on a claim, theory, or defense that is not alleged in the pleadings. [Citation.] Evidence offered on an unpleaded claim, theory, or defense is irrelevant because it is outside the scope of the pleadings." (*California Bank & Trust v. Lawlor* (2013) 222 Cal.App.4th 625, 637, fn. 3.)

9

In reviewing the granting of a motion for summary judgment, "'the appellate court must [first] identify the issue[s] framed by the pleadings. . . .'" (*CDF Firefighters v. Maldonado* (2008) 158 Cal.App.4th 1226, 1237.)  Because the record does not include the pleadings, we cannot complete this first step.

Moreover, the record does not include respondent's motion for summary judgment and supporting points and authorities. The register of actions shows that respondent filed these documents on October 8, 2021.  Their absence makes it difficult to determine whether the trial court erred in granting the motion for summary judgment.  (See *Garcia v. Santana* (2009) 174 Cal.App.4th 464, 468, fn. 2 ["The Amar Plaza parties have not included in the record the motion for summary judgment. Although they assert that Green's claims were without merit, we are unable to make that determination based on the record before us"].)

The summary judgment issue must be resolved against appellant because it failed to provide an adequate record.  "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment.  [Citations.]  'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]  'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. . . .'  "" [I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed."'  [Citation.]  'Consequently, [the

10

appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].'" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)

Neither party has raised the issue of the adequacy of the record on appeal. Government Code section 68081 provides, "Before the . . . court of appeal . . . renders a decision in a proceeding . . . based upon an issue which was not proposed or briefed by any party to the proceeding, the court shall afford the parties an opportunity to present their views on the matter through supplemental briefing." Section 68081 does not apply here. There is "no requirement under section 68081 to afford a litigant an opportunity to address the issue of an inadequate record even if the lack of record is the grounds for affirmance of an appeal." (*People v. Neilson* (2007) 154 Cal.App.4th 1529, 1534.) "[P]rovision of the record on appeal is a consideration in every appeal. It is a procedural and substantive requirement on the part of any party prosecuting an appeal or asserting a position on appeal." (*Ibid.*)

*Even If the Record Were Adequate for Appellate*
*Review, Appellant Failed to Carry Its Burden on Appeal*

Assuming, for purposes of discussion, that appellant provided an adequate record for appellate review, it failed to carry its burden on appeal. In granting the motion for summary judgment, the trial court relied on two independent grounds: the "neutral principles of law approach" and the "violation-of-oaths argument." In its opening brief appellant makes no attempt to raise triable issues of material fact as to the "violation-of oaths-argument." Nor does it show that respondent is not entitled to

11

judgment as a matter of law on this theory. Appellant does not mention the theory in its opening brief.

On the other hand, respondent devotes an entire section of its appellate brief to the "violation-of-oaths argument." The first paragraph of the section states:

> "In addition to applying the 'neutral principles of law' analysis, the trial court also granted summary judgment . . . on the alternative ground that [appellant's] members and officers were not authorized to act on behalf of [appellant] after violating their oaths of membership and office by trying to divert San Luis Obispo Grange and its property to the Guild. [Record citation.] This conclusion was manifestly correct and should be affirmed."

Respondent concludes its "violation-of-oaths argument" section with the following paragraph:

> "Accordingly, all actions purportedly taken on behalf of [appellant] after at least the decision to file the amendment to the articles of incorporation in 2016 [record citation]—including taking possession of San Luis Obispo Grange's Hall and financial accounts, making amendments to San Luis Obispo Grange's articles of incorporation and by laws, and recording the deed on September 21, 2016, that purported to transfer record title to the San Luis Obispo Grange's real property to [appellant] [record citation]—were null and void and of no effect. The trial court's conclusion that the real and personal property of San Luis Obispo Grange [No. 639] now belong to [respondent] thus was correct under the violation-of-oaths theory . . . ."

Appellant did not file a reply brief. Therefore, appellant did not reply to respondent's allegations in its brief concerning

the "violation-of-oaths argument." Appellant followed a similar course of action in the trial court. In its appellate brief respondent notes that appellant's opposition to the motion for summary judgment "addressed only the 'neutral principles of law' argument, ignoring the violation-of-oaths argument altogether." Respondent states, "On appeal, [appellant] rehashes its arguments from below . . . ."

"We approach a summary judgment appeal . . . with the presumption the appealed judgment is correct." (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 684.) Thus "[o]n review of a summary judgment, the appellant has the burden of showing error, even if he did not bear the burden in the trial court. [Citation.] . . . '[D]e novo review does not obligate us to cull the record for the benefit of the appellant in order to attempt to uncover the requisite triable issues. As with an appeal from any judgment, it is the appellant's responsibility to affirmatively demonstrate error and, therefore, to point out the triable issues the appellant claims are present by citation to the record and any supporting authority. In other words, review is limited to issues which have been adequately raised and briefed.'" (*Claudio v. Regents of the University of California* (2005) 134 Cal.App.4th 224, 230.)

*Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, is on point. There, the plaintiff filed a complaint alleging that, while walking on a railroad bridge, he had been injured by a passing freight train. The defendant railroad moved for summary judgment on two grounds: (1) it had "acted with reasonable care, and (2) [it] was not a legal cause of plaintiff's injuries." (*Id*. at p. 121.) The trial court granted the motion, and the plaintiff appealed. In affirming the summary

13

judgment, the Court of Appeal reasoned: "Plaintiff on appeal makes no argument whatsoever on the issue of causation. One of the grounds upon which defendant sought summary judgment was that there was no evidence it caused the injuries. The trial court determined defendant's conduct was not a legal cause of plaintiff's injuries. [Citation.] Defendant argues plaintiff has forfeited any challenge to summary judgment based on lack of causation. We agree with defendant. [¶] . . . [A]n appellant's failure to discuss an issue in its opening brief forfeits the issue on appeal." (*Id.* at p. 125.) "Thus, the trial court's ruling of lack of causation disposes of the entire complaint and suffices to affirm summary judgment in favor of defendant." (*Id.* at p. 126.)

Here, the summary judgment may be affirmed based on the "violation-of-oaths argument" because the trial court relied on this theory as an alternative ground for granting summary judgment, appellant failed to discuss the theory in its opening brief, and appellant did not file a reply brief despite respondent's reliance on the theory in its brief. We therefore need not reach the issue of whether the trial court properly granted summary judgment based on the "neutral principles of law approach." (See *Citizens Business Bank v. Gevorgian* (2013) 218 Cal.App.4th 602, 628 ["In light of our conclusion that AMG was entitled to judgment under the *Gluskin* theory, we need not and do not discuss . . . an alternative ground for the judgment discussed by the trial court in its statement of decision"]; *Ochoa v. California State University* (1999) 72 Cal.App.4th 1300, 1304, disapproved on other grounds in both *Avila v. Citrus Community College Dist.* (2006) 38 Cal.4th 148, 160, fn. 5, and *Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 634, fn. 7 ["Plaintiff's opening brief attacks only the trial court's reason for

14

granting summary judgment, ignoring the other two grounds raised by CSUS's motion.  Since this court may affirm the grant of summary judgment on any ground properly raised below, whether or not addressed by the trial court, plaintiff's strategy is ill-advised"].)

*Affirmative Defenses*

"'[S]ummary judgment law in this state no longer requires a plaintiff moving for summary judgment to disprove any defense asserted by the defendant as well as prove each element of his own cause of action. . . .  All that the plaintiff need do is to "prove[] each element of the cause of action."  [Citation.]' [Citation.]  Once the plaintiff makes an adequate initial showing, the burden shifts to the defendant to show a triable issue of fact 'as to that cause of action or a defense thereto.'"  (*WRI Opportunity Loans II, LLC v. Cooper* (2007) 154 Cal.App.4th 525, 531-532.)

Appellant contends the trial court erred in granting summary judgment because there were material factual issues concerning its affirmative defenses of adverse possession, laches, and equitable estoppel.  The affirmative defenses should have been included in the answer to respondent's second amended complaint.  (*Green v. Healthcare Services, Inc.* (2021) 68 Cal.App.5th 407, 415 ["An affirmative defense must be alleged in the answer or it is waived"].)  The record does not include appellant's answer, but we assume the affirmative defenses were properly pleaded.

<u>Adverse Possession</u>

Appellant claims it "met the elements for adverse possession, requiring denial of [respondent's] Motion." To acquire an interest in real property through adverse possession, the claimant "must show: (1) [it] possessed the Disputed Property under a claim of right or title; (2) [it] actually, openly, and notoriously occupied the Disputed Property in a manner that gave reasonable notice to [the owner]; (3) [its] possession and occupancy [were] adverse and hostile to [the owner]; (4) [it] continually possessed and occupied the Disputed Property for five years; and (5) [it] paid all property taxes levied and assessed on the Disputed Property during that five-year period." (*Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th 982, 1000.)

Appellant's occupation of the property was not open, notorious, adverse, and hostile to respondent until 2018, when respondent lifted the suspension of Grange No. 639's charter, but appellant "refused to relinquish control of [Grange No. 639's] real and personal property, and prevented [Grange No. 639's] members from using that property." Respondent filed the present action approximately one year later in 2019. Therefore, the five-year requirement was not met.

<u>Laches</u>

"A defendant must demonstrate three elements to successfully assert a laches defense: (1) delay in asserting a right or a claim; (2) the delay was not reasonable or excusable; and (3) prejudice to the party against whom laches is asserted." (*Magic Kitchen LLC v. Good Things International, Ltd.* (2007) 153 Cal.App.4th 1144, 1157.)

16

Respondent did not unreasonably delay the filing of the present lawsuit seeking recovery of its property. Respondent filed its action in July 2019, less than one year after appellant "refused to relinquish control of [Grange No. 639's] real and personal property, and prevented [Grange No. 639's] members from using that property." The action was filed almost two years before respondent revoked Grange No. 639's charter on March 1, 2021.

Equitable Estoppel

"'The doctrine of equitable estoppel is founded on notions of equity and fair dealing and provides that a person may not deny the existence of a state of facts if that person has intentionally led others to believe a particular circumstance to be true and to rely upon such belief to their detriment. . . .'" (*Krolikowski v. San Diego City Employees' Retirement System* (2018) 24 Cal.App.5th 537, 564-565.) "'The elements of an estoppel claim are: "(1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the . . . party [asserting the estoppel] must be ignorant of the true state of facts; and (4) he must rely upon the conduct [of the party to be estopped] to his injury."'" (*Brown v. Chiang* (2011) 198 Cal.App.4th 1203, 1227.)

Appellant claims that the doctrine of equitable estoppel, combined with the principle of laches, "should have resulted in the denial of respondent's motion" for summary judgment because of "its nearly seven-year delay in filing suit." (Bold and capitalization omitted.) Appellant argues that respondent's "actions and inaction not only lulled [it] into a false belief that it

17

would never be sued, but also meaningfully and substantially caused it to incur significant financial losses."

Appellant's equitable estoppel claim is forfeited because it is not supported by meaningful legal and factual analysis with supporting citations to pertinent authority and the record. (*Phillips v. Campbell* (2016) 2 Cal.App.5th 844, 853 (*Phillips*).) Moreover, as explained in the preceding section on laches, the actual delay was less than one year, not "nearly" seven years as claimed by appellant.

*Appellant's Forfeiture Argument*

Appellant argues: "[Respondent] is attempting to take all of [appellant's] real and personal property without any investment or payment of any kind through a draconian forfeiture action. . . . [F]orfeiture causes of action . . . require strict adherence to our laws and legal standards, and any enforceable contractual provisions. [Citations.] [Respondent] cannot meet those standards, so summary judgment should have been denied." Appellant claims it is "an innocent party," and "[a] forfeiture cannot be imposed on an innocent party." "[T]he offending party" is "the National Grange" because it "suspended and then revoked [respondent's] charter" in 2013. Respondent "cannot impose on [appellant] a penalty because the National Grange voluntarily chose to terminate its legal and fraternal relationship with the subordinate granges."

Appellant's argument is forfeited because it is not supported by meaningful legal and factual analysis with supporting citations to pertinent authority and the record. (*Phillips*, *supra*, 2 Cal.App.5th at p. 853.) Furthermore, as respondent notes in its brief, there was no forfeiture because respondent "merely attempted to ensure that the Grange

18

property at issue was not diverted to a third party ([appellant]) and instead would remain with the Order and can be returned to San Luis Obispo Grange [No. 639] after its reorganization."

*Trial Court's Award of Attorney Fees and Costs*

The heading of respondent's final argument is as follows: "THE TRIAL COURT ERRED IN FINDING RESPONDENT'S INCURRING OF ATTORNEY'S FEES WAS AN ELEMENT OF THE DAMAGE UNDER THE SLANDER [OF TITLE] CAUSE OF ACTION." (Bold omitted.) As to this cause of action, the trial court awarded respondent its attorney fees "as pecuniary damages" "in an amount to be determined by noticed motion."

The trial court did not err. It explained, "[Respondent] has demonstrated that [appellant] recorded a deed in 2016 without lawful authority to do so. [Record citation.] [(The deed transferred Grange No. 639's real property to appellant.)] This act disparaged [respondent's] title, requiring [respondent] to incur attorney fees in clearing its title." The trial court continued, "When title is disparaged by a recorded instrument, 'attorney fees and costs necessary to clear title or remove the doubt cast on it by defendant's falsehood are, by themselves, sufficient pecuniary damages for purposes of a cause of action for slander of title.' (*Sumner Hill Homeowners' Assn. Inc. v. Rio Mesa Holdings, LLC* (2012) 205 Cal.App.4th 999, 1030.)" (See also *Appel v. Burman* (1984) 159 Cal.App.3d 1209, 1216 ["attorneys fees are . . . a proper element of the damages" in an action for slander of title].)

Appellant claims it was improper for the trial court to award attorney fees "in an amount to be determined by noticed motion" because the ""attorney fee [was] . . . required to be . . . proven – as any other item of damages – at trial."" (See *Brandt*

19

*v. Superior Court* (1985) 37 Cal.3d 813, 819 ["Since the attorney's fees are recoverable as damages, the determination of the recoverable fees must be made by the trier of fact unless the parties stipulate otherwise"].)  Appellant protests, "There is not one scintilla of evidence that was put in front of the Superior Court showing damages with respect to the slander of title cause of action."

The trial court's award of attorney fees was not improper. Since respondent was represented by counsel, it was entitled to recover its reasonable attorney fees as damages for appellant's slander of title.  The recoverable amount will be determined by the trier of fact at the equivalent of a trial, i.e., the hearing on the noticed motion.  At the hearing "[t]he 'burden [will be] on the party seeking attorney fees to prove that the fees it seeks are reasonable. . . .'"  (*Center for Biological Diversity v. County of San Bernardino* (2010) 188 Cal.App.4th 603, 615.)

Appellant contends the trial court erred in awarding attorney fees "[as] an element of the damage under the slander of title cause of action," and "[t]hen . . . award[ing] fees again as a cost under CCP 1033.5/CC 1717."  Appellant asserts, "It can be one or the other but not both."  Paragraph 11 of the judgment awards respondent its "[a]ttorney fees" as "pecuniary damages" for slander of title.  Paragraph 13 orders that respondent "shall recover its costs, according to proof."

Appellant's contention is without merit.  When the trial court referred to "costs" in paragraph 13, it must have meant costs exclusive of attorney fees.  It did not intend to authorize a double recovery of attorney fees.

20

*Disposition*

The judgment is affirmed.  Respondent shall recover its costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


CODY, J.

21

Rita Federman, Judge

Superior Court County of San Luis Obispo

_____

Freeman Mathis & Gary and David G. Molinari, for Defendant and Appellant.

Arentfox Schiff and Jeffrey D. Skinner, for Plaintiff and Respondent.