Filed 5/14/26  P. v. Sandoval CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B348559 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA004321) |
| v. | |
| CRISTOBAL G. SANDOVAL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ramiro P. Cisneros, Judge.  Affirmed.

Cristobal G. Sandoval, in pro. per.; Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Appellant Cristobal G. Sandoval appeals from an order denying his petition filed under Penal Code section 1172.6 (former section 1170.95).[1]  After his appointed appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 attesting he could find no arguable issues, Sandoval filed two identical supplemental briefs urging us to give him "an opportunity to be a free man" due to "anomalies" in his trial. Because section 1172.6 does not permit Sandoval to relitigate issues already decided and because Sandoval fails to demonstrate or even argue any error the court committed in denying his section 1172.6 petition, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND[2]**

**A.**   ***Sandoval Is Convicted of Murder and a Gun Use Allegation and is Sentenced***

In 1991 a jury convicted Sandoval of first degree murder and found true a gun use allegation.[3]  (Pen. Code, §§ 187, 12022.5.)  The trial court sentenced Sandoval to 25 years to life for the murder, plus four years for the gun use allegation.

---

[1] Undesignated statutory references are to the Penal Code. Effective June 30, 2022, section 1170.95 was renumbered as 1172.6 without substantive change.  (*People v. Strong* (2022) 13 Cal.5th 698, 708, fn. 2.)  For clarity, we use the current statutory numbering.

[2] We limit our summary to the facts and procedural history relevant to the issues raised on appeal.

[3] Sandoval's first trial ended in a mistrial in March 1991. He was convicted in June 1991 after a retrial.

**B.** *Sandoval Petitions for Resentencing*

In 2024, Sandoval filed a Petition for Resentencing pursuant to Penal Code section 1172.6. Following the appointment of counsel the prosecution filed an opposition to the petition, noting that the jury had not been instructed on natural and probable consequences, nor on aiding and abetting at all. The prosecution contended that appellant had been prosecuted as the actual killer. The prosecution included as an exhibit to its opposition the complete set of jury instructions delivered in appellant's case. The trial court denied the petition without issuing an order to show cause, noting that no theory later invalidated by the new murder laws in 2019 had been used in the case.

Sandoval filed a timely Notice of Appeal.

## DISCUSSION

In his supplemental briefs, Sandoval asks for "the opportunity to be a free man" due to "anomalies" in his trial. Sandoval does not dispute that he was ineligible for relief under section 1172.6 because the jury was not instructed as to any theory in which malice could be imputed to him. Rather, Sandoval argues that he was defending himself because the victim "lifted a flat shovel" and that his second trial was conducted "behind [his] back."

" 'The purpose of [section 1172.6] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved.' " (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947; see also *People v. Coley* (2022) 77 Cal.App.5th 539, 549 [section 1172.6 "is not a means by which a defendant can relitigate issues already decided"].) Section 1172.6

"does not permit a petitioner to establish eligibility on the basis of alleged trial error." (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.)

"Judgments and orders are presumed correct, and the party attacking a judgment or order has the burden of affirmatively demonstrating error." (*People v. Neilson* (2007) 154 Cal.App.4th 1529, 1534.) In making no argument as to the only issue actually before us—whether the superior court erred in denying his petition under section 1172.6 because he was ineligible for relief—Sandoval has failed to demonstrate error.

## DISPOSITION

The court's order is affirmed.

NOT TO BE PUBLISHED

M. KIM, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

4