Filed 10/6/25  P. v. Perry CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B344224 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA027687) |
| v. | |
| IRA LEE PERRY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa S. Coen, Judge.  Affirmed.

Ira Lee Perry, in pro. per.; Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Appellant Ira Lee Perry appeals from an order denying his petition filed under Penal Code section 1172.6 (former section 1170.95).[1]  After his appointed appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 attesting she could find no arguable issues, Perry filed a supplemental brief urging us to independently examine the records of this case to determine his innocence.  Because section 1172.6 does not permit Perry to relitigate issues already decided and because Perry fails to demonstrate or even argue any error the court committed in denying his section 1172.6 petition, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

### A.    *Perry Is Convicted of Conspiracy to Commit Murder and Attempted Murder*

In 1995, an amended information charged Perry with conspiracy to commit murder and attempted murder.  The conspiracy account alleged eight overt acts, describing a sequence of events in which James Daveille Sanders and Glenda Ann Ruben hired Perry to murder Glenda's husband John, Sanders gave Perry an M-11 automatic weapon and drove him to where John Ruben was, and "Perry . . . did fire the M-11 at John Ruben with intent to murder."  Both counts additionally alleged Perry

---

[1] Undesignated statutory references are to the Penal Code. Effective June 30, 2022, section 1170.95 was renumbered as 1172.6 without substantive change.  (*People v. Strong* (2022) 13 Cal.5th 698, 708, fn. 2.)  For clarity, we use the current statutory numbering.

[2] We limit our summary to the facts and procedural history relevant to the issues raised on appeal.

personally used a handgun in committing the crimes. A jury convicted Perry of both conspiracy to commit murder and attempted murder and found true that Perry personally used a firearm. The court sentenced Perry to 60 years to life.

## B.   *Perry Petitions for Resentencing*

In January 2023, Perry filed a form petition for resentencing under section 1172.6, checking the boxes next to the preprinted allegations stating a case for relief and requesting appointment of counsel.

In December 2024, Perry filed an "Invitation to the Court to Exercise Its Discretion to Recall Defendant's Sentence." Therein, he admitted that he accepted a payment of $20,000 from the victim's wife to murder the victim and "fired several shots at victim Ruben." The petition also admitted he "confessed to the conspiracy to kill victim Ruben." He made the same admissions in his "Response to People's Opposition to Penal Code Section 1172.6(a) Petition."

In February 2025, the court denied Perry's petition, finding him "not eligible for relief based on the evidence." Specifically, the court found "the jury was not instructed as to any theory in which the intent of one would be imputed -- or the intent of one would be imputed on another . . . ."[3]

Perry timely appealed.

## DISCUSSION

In his supplemental brief, Perry asks us to "conduct an independent review of the records in the interest of justice in

---

[3] The court also declined to exercise its discretion to recall Perry's sentence.

order to determine [his] innocence." But Perry does not dispute that he was ineligible for relief under section 1172.6 because the jury was not instructed as to any theory in which malice could be imputed to him.

" 'The purpose of [section 1172.6] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved.' " (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947; see also *People v. Coley* (2022) 77 Cal.App.5th 539, 549 [section 1172.6 "is not a means by which a defendant can relitigate issues already decided"].) Section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error." (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.)

"Judgments and orders are presumed correct, and the party attacking a judgment or order has the burden of affirmatively demonstrating error." (*People v. Neilson* (2007) 154 Cal.App.4th 1529, 1534.) In making no argument as to the only issue actually before us—whether the superior court erred in denying his petition under section 1172.6 because he was ineligible for relief—Perry has failed to demonstrate error.

## DISPOSITION

The court's order is affirmed.

NOT TO BE PUBLISHED

M. KIM, J.

We concur:

ROTHSCHILD, P. J.                    BENDIX, J.

4