Filed 11/19/25  Pacific Equity Solutions v. Nicholson CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| PACIFIC EQUITY SOLUTIONS, LLC, | D085107 |
| Cross-complainant and Respondent, | |
| v. | (Super. Ct. No. 37-2019-00013163-CU-OR-CTL) |
| DAVID NICHOLSON, | |
| Cross-defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy Taylor and Marcella O. McLaughlin, Judges.  Affirmed.

David Nicholson, in pro. per., for Appellant.

Goode Hemme and John Malki for Respondent.

David Nicholson appeals from a final judgment entered after the trial court: (1) entered a default judgment against him on a cross-complaint brought by Pacific Equity Solutions, LLC (Pacific); (2) denied Nicholson's motions to set aside the default judgment and for reconsideration of the denial order; and (3) sustained a demurrer to Nicholson's first amended cross-complaint against Pacific without leave to amend.  We conclude that

Nicholson has forfeited any challenge to these rulings by failing to provide an adequate record on appeal. Accordingly, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

The record on appeal is missing most of the key documents, and there is no reporter's transcript or settled statement of the relevant hearings.[1] We do our best to summarize the background based on the parties' briefs and the limited record before us, including the register of actions. We organize our summary around the four rulings Nicholson appears to be challenging in this appeal.

A. *September 22, 2022 Default Judgment*

This case stems from a residential real estate transaction. The seller, Angela Flores, who is not a party to this appeal, filed the original lawsuit against Pacific, Nicholson, and others in 2019. Pacific was the ultimate buyer of the property and Nicholson arranged the transaction for Pacific.

Pacific filed a cross-complaint against Nicholson and other cross-defendants. Several of the other cross-defendants filed a demurrer to

---

[1] The record on appeal in this matter consists solely of a 104-page clerk's transcript. The briefs on both sides give a lengthy procedural history without any citation to the clerk's transcript. There are no cites to the appellate record in any of the briefs, and many of the assertions in the briefs are not supported by anything in the record before us. Although Nicholson is self-represented, Pacific is represented by counsel in this appeal. An appellate brief must support "any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) Moreover, "[a]n appellate court's review is limited to consideration of the matters contained in the appellate record." (*People v. Neilson* (2007) 154 Cal.App.4th 1529, 1534; see also *Jameson v. Desta* (2018) 5 Cal.5th 594, 609, fn. 11 (*Jameson*) [referring to " 'immutable' " rule that " 'if it is not in the record, it did not happen' "].) Counsel for Pacific is cautioned to comply with these rules in all future briefs filed with this court.

Pacific's cross-complaint. Nicholson answered the cross-complaint and asserted his own cross-complaint against Pacific.

The trial court sustained the demurrer to Pacific's cross-complaint with leave to amend. Pacific filed a first amended cross-complaint. Nicholson filed no answer to the first amended cross-complaint.

Pacific filed a request for entry of default against Nicholson on its first amended cross-complaint. After the clerk entered the default, the court conducted a prove-up hearing on September 22, 2022. At the same hearing, the court granted Pacific's motion for summary judgment on Flores's original complaint.

Following the hearing, the court entered judgment against Nicholson and in favor of Pacific on its cross-complaint in the amount of approximately $47,000 and quieted title to the property in favor of Pacific and against Flores.

B. *November 18, 2022 Order Denying Nicholson's Request to Set Aside Default*

Nicholson filed a request to set aside the default judgment. Pacific opposed the request. The court held a hearing and denied the request on November 18, 2022.

C. *Prior Appeal*

Nicholson appealed the default judgment. (No. D081263.) We ultimately dismissed the prior appeal for lack of jurisdiction because Nicholson's cross-complaint against Pacific was still pending and had never been resolved.

3

D. *March 22, 2024 Order Denying Nicholson's Motion for Reconsideration*

On remand, Nicholson filed a motion for reconsideration of the order denying his request to set aside the default judgment. The trial court held a hearing and denied the motion on March 22, 2024.

E. *October 17, 2024 Order Sustaining Pacific's Demurrer to Nicholson's First Amended Cross-Complaint*

After Nicholson amended his cross-complaint against Pacific, Pacific filed a demurrer to the first amended cross-complaint. Nicholson filed no opposition papers. The court held a hearing and sustained the demurrer without leave to amend on October 17, 2024. The order stated that it was "dispositive as to the entire case."

Nicholson filed this appeal from the order. In December 2024, we issued an order deeming the trial court's order of October 17, 2024 to be an appealable judgment and allowing the appeal to proceed.[2]

## DISCUSSION

Nicholson appears to be challenging four orders in this appeal: the September 22, 2022 default judgment; the November 18, 2022 order denying his request to set aside the default; the March 22, 2024 order denying his motion for reconsideration; and the October 17, 2024 order sustaining Pacific's demurrer to his first amended cross-complaint. As we explain below, Nicholson has failed to provide an adequate record for appeal of any of these rulings.

"[I]t is a fundamental principle of appellate procedure that a trial court judgment [or order] is ordinarily presumed to be correct and the burden is on

---

[2] Nicholson's request for judicial notice filed on July 3, 2025 is denied because the documents for which he seeks judicial notice are not relevant to the issues on appeal.

4

an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment [or order].  [Citations.]  'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'  [Citations.] . . . ' "[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." '  [Citation.]  'Consequently, [the appellant] has the burden of providing an adequate record.  [Citation.]  Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' "  (*Jameson, supra*, 5 Cal.5th at pp. 608–609.)  These "rules apply to a party appearing in propria persona as to any other party."  (*Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205.)

The record here is inadequate for meaningful review of any of the rulings Nicholson is seeking to appeal.  For the September 22, 2022 default judgment, the record does not include a reporter's transcript or settled statement of the prove-up hearing, nor does it include Pacific's first amended cross-complaint or its request for entry of default against Nicholson and accompanying proof of service.  We cannot evaluate Nicholson's claims without these items.  Specifically, we cannot resolve the parties' dispute over whether Nicholson was properly served with Pacific's request for entry of default at the correct address without examining the proof of service.  Moreover, we cannot assess whether the trial court properly awarded $47,000 in damages against Nicholson without the first amended cross-complaint and the transcript or settled statement of the prove-up hearing.  (See *Jameson, supra*, 5 Cal.5th at p. 608 ["lack of a verbatim record of such proceedings will frequently be fatal to a litigant's ability to have his or her claims of trial court

5

error resolved on the merits by an appellate court"]; *Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574 ["A proper record includes a reporter's transcript or a settled statement of any hearing leading to the order being challenged on appeal."].)

For the November 18, 2022 order denying Nicholson's request to set aside the default judgment, the appellate record does not include Nicholson's moving papers, Pacific's opposition papers, or a reporter's transcript or settled statement of the November 18, 2022 hearing on the matter. We therefore have nothing in the record to review regarding this order.

For the March 22, 2024 order denying Nicholson's motion for reconsideration, the appellate record does not include the written order itself, a reporter's transcript or settled statement of the March 22, 2024 hearing on the motion, or the original papers filed by the parties in connection with the November 18, 2022 order for which Nicholson sought reconsideration.

For the October 17, 2024 order sustaining Pacific's demurrer to Nicholson's first amended cross-complaint, the appellate record does not include Nicholson's first amended cross-complaint, Pacific's moving papers on demurrer, or a reporter's transcript or settled statement of the October 17, 2024 hearing on the demurrer.

Accordingly, the appellate record is inadequate for us to review any of these rulings. In his designation of the record for this appeal, Nicholson did not designate any record of the oral proceedings and did not include any of these missing documents in his designation for the clerk's transcript. Without an adequate record, Nicholson has failed to meet his burden of

overcoming the presumption that the trial court's orders and judgment are presumed correct.[3] (*Jameson, supra*, 5 Cal.5th at p. 609.)

Notwithstanding the deficient record, we will briefly address the main contentions Nicholson makes to the extent we can. First, Nicholson asserts that the court lacked jurisdiction or authority to issue a default judgment because he filed an answer to Pacific's initial cross-complaint. But Nicholson does not dispute that he filed no answer to Pacific's first amended cross-complaint. Generally, when a complaint is amended, "judgment by default may be taken against the defendant if he fails to file a new or amended answer or plea within the time allowed therefor, notwithstanding the original answer or plea is still on file." (*Gray v. Hall* (1928) 203 Cal. 306, 310–311 (*Gray*).) As an exception to this rule, "entry of a default in a case where the original answer can stand as an answer to the amended complaint constitutes error." (*Carrasco v. Craft* (1985) 164 Cal.App.3d 796, 809 (*Carrasco*).)

Nicholson has failed to make any argument why this exception would apply here. He does not compare the allegations of Pacific's original cross-complaint with its first amended cross-complaint, nor does he make any effort to demonstrate that his original answer set forth a sufficient defense to the first amended cross-complaint. Instead, he broadly asserts that a default judgment may *never* be entered for failure to answer an amended complaint

---

[3]    Neither party has asked us to take judicial notice of the record from Nicholson's first appeal. Even if we were to do so on our own motion, it would not cure most of the deficiencies here because the record from the first appeal also did not include any of the following: (1) a reporter's transcript or settled statement of any of the relevant hearings; (2) Pacific's request for entry of default against Nicholson or the accompanying proof of service; (3) the moving or opposition papers for Nicholson's request to set aside the default; (4) Nicholson's first amended cross-complaint; or (5) the moving papers for Pacific's demurrer to Nicholson's first amended cross-complaint.

when the defendant filed an answer to the original complaint. We reject this contention under *Gray* and *Carrasco*. Moreover, without a record of the relevant pleadings and a transcript or settled statement of the applicable hearings, we cannot assess (1) whether Nicholson even preserved the argument that his original answer could stand as an answer to the first amended cross-complaint by raising it in a timely manner at or before the default prove-up hearing or in his motion to set aside the default judgment; and (2) if he did preserve the argument, whether his original answer could in fact stand as an answer to Pacific's first amended cross-complaint.

Second, Nicholson asserts that the default judgment was improper because the contractual agreement between him and Pacific "had been fully performed and satisfied." Nicholson cites nothing in the record to support this assertion, and in any event, it goes to the merits of Pacific's claims rather than the propriety of the default judgment. Moreover, we could not evaluate this contention without a record of the default prove-up hearing to determine the theory and factual basis for the damages the trial court awarded against Nicholson.

Third, Nicholson argues that Pacific mailed its request for default "to an address in Wilmington Delaware, *not* to [Nicholson] at the address on file with the court." As we have noted, however, the request for default and accompanying proof of service are not contained in the appellate record. Moreover, Nicholson seems to be relying on an entry in the register of actions (ROA 207) that pertains to the request for default directed to his entity, Janson & Associates Global Consulting LLC, rather than the request for default pertaining to him individually.

Finally, Nicholson contends that the trial court erred by sustaining Pacific's demurrer to his first amended cross-complaint on the ground that he

8

failed to oppose the demurrer "when in point of fact, [he] had done so." Once again, Nicholson cites nothing in the record to support this assertion. He did not designate any such opposition in his designation of the record for this appeal. The clerk's transcript contains no opposition to the demurrer and the register of actions makes no reference to any opposition having been filed by Nicholson.

For all these reasons, we conclude Nicholson has failed to meet his burden of demonstrating any error.

DISPOSITION

The judgment is affirmed. Respondent is entitled to recover its costs on appeal.

BUCHANAN, J.

WE CONCUR:

O'ROURKE, Acting P. J.

CASTILLO, J.

9