Filed 4/10/26  P. v. Damiano CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085613 |
| Plaintiff and Respondent, | (Super. Ct. No. SCS327138) |
| v. | |
| DEREK ANTHONY DAMIANO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, David L. Berry, Judge.  Affirmed.

Courtney Reed, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Heather B. Arambarri and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

# I

# INTRODUCTION

In 2024, a jury convicted Derek Anthony Damiano of one count of possession of child pornography.  (Pen. Code, § 311.11, subd. (a).)[1]  After the jury returned its verdict, the trial court found that Damiano had sustained six prior strike convictions (§§ 667, subds. (b)–(i), 1170.12), and a prior conviction for an offense requiring him to register as a sex offender (§ 311.11, subd. (b)).  The court sentenced Damiano to state prison for four years.

On appeal from the judgment of conviction, Damiano presents three claims of error.  First, he contends the court abused its discretion by imposing a time limitation on voir dire and sustaining its own objection to a question posed by defense counsel to prospective jurors.  Second, he argues the court erred in admitting expert testimony on the metadata of the child pornography images at issue.  Finally, he asserts the court abused its discretion in admitting five additional images that were found on the same cell phone as the child pornography, which depicted age-unknown individuals posing in a sexually suggestive manner or engaging in sex acts.  We reject these claims.  Accordingly, we affirm the judgment.

# II

# BACKGROUND

As of January 10, 2023, Damiano was an inmate at Richard J. Donovan Correctional Facility serving a sentence unrelated to the conviction at issue in this case.  That day, a correctional officer conducted a security check of the dorm-style unit in which Damiano was housed.  The officer patted down

---

[1]     Further undesignated statutory references are to the Penal Code.

Damiano and found a password-protected cell phone in his pocket, which violated prison rules. The officer confiscated the phone and sent it to the Correctional Intelligence Task Force for data analysis.

The task force found child sexual assault material on the phone and generated a report of the information contained on the phone, including the images that were found on the phone. The report included an image depicting a female between the ages of five and six years old with her genitalia exposed (exhibit 1). It also included a second image depicting a female between the ages of five and seven years old on her hands and knees with a sex toy inserted into her anus (exhibit 3). The report included two additional images that were the same as the first two images, but with metadata text (exhibits 2 and 4).

The report included other images found on the phone as well, including: (1) a selfie of Damiano taken inside the correctional institution (exhibit 6), and the same image with metadata text (exhibit 7); (2) a blurred selfie of Damiano (exhibit 8), and the same image with metadata text (exhibit 9); (3) a dark selfie of Damiano (exhibit 10), and the same image with metadata text (exhibit 11); (4) a selfie of Damiano in daylight (exhibit 12), and the same image with metadata text (exhibit 13); (5) a female wearing underwear or a bikini (exhibit 14), and the same image with metadata text (exhibit 15); (6) a naked female laying on her stomach (exhibit 16), and the same image with metadata text (exhibit 17); (7) the top half of a naked female on her stomach with her hand on her head (exhibit 18), and the same image with metadata text (exhibit 19); (8) a close-up of a person wearing a mask and orally copulating a male (exhibit 20), and the same image with metadata text (exhibit 21); and (9) a female kneeling in front of an adult male holding his genitalia (exhibit 22), and the same image with metadata text (exhibit 23).

3

A few weeks after the initial security check, correctional officers conducted a second search of Damiano's prison cell. They discovered a second cell phone in a hollowed-out ream of paper stored in Damiano's assigned locker. They also found cell phone components, a cell phone charger, and an envelope that was addressed to Damiano and had the name of the first seized cell phone written on it.

At trial, an investigator with the San Diego County District Attorney's Office testified as an expert witness about the metadata of some of the images that were found on the cell phone recovered from Damiano's pocket. The investigator testified that metadata "is a way of describing a file." Metadata about a photo includes information on how the file was created, such as the date and time the photo was taken, the name and type of the file, what device took the photo, and sometimes the location in which the photo was taken. According to the investigator, exhibits 2 and 4 (the child pornography) likely did not originate on the phone. He testified that the images likely were downloaded onto the phone or received on the phone on January 9, 2023, the day before the pat-down. The investigator also testified that exhibits 7 and 9 (selfies of Damiano) were taken or last accessed on the phone on January 1, 2023, and exhibit 13 (another selfie) was downloaded on the phone on January 2, 2023. Further, he testified that exhibit 17 (the image of a female laying on her stomach) was downloaded or last accessed on January 9, 2023.

## III

## DISCUSSION

A. *Damiano Forfeited His Challenge to the Voir Dire Process*

Damiano contends the trial court abused its discretion during the jury selection process. He claims the court imposed an improper time limitation

4

for the parties to question prospective jurors and erroneously sustained its own objection to a question defense counsel posed to prospective jurors. In response, the People argue Damiano forfeited his arguments by failing to assert timely and specific objections in the proceedings below, the court did not abuse its discretion, and any error was harmless. We agree with the People that Damiano forfeited his claims of error, which makes it unnecessary for us to reach the People's alternative arguments.

1. *Additional Background*

Before voir dire, the court notified the parties they each had 15 minutes to question the first 25 potential jurors. Shortly after, defense counsel began questioning the potential jurors. More than 15 minutes into her questioning, defense counsel asked the prospective jurors, "Who here believes that if you're charged with a crime and you're innocent, you would take the witness stand and, essentially explain yourself." The court sustained its own relevance objection to the question on the basis that it called for prospective jurors to consider what *they* would do if they were in Damiano's place. Defense counsel asked one final question to prospective jurors and, without further direction from the court, ended her questioning after a total of 21 minutes. The prosecutor then used 16 minutes to complete his questioning. After the jury had been sworn in and left for the day, defense counsel expressed dissatisfaction to the court that it had sustained its own objection to her question and limited the time for voir dire.

2. *Analysis*

"A party must make a timely and specific objection to the manner in which a trial court conducts jury selection or the matter is forfeited for appeal." (*People v. Mills* (2010) 48 Cal.4th 158, 170; see *People v. Bolden* (2002) 29 Cal.4th 515, 540 [" '[O]bjections to the jury selection process must

5

be made when the selection occurs.' "].)  Here, defense counsel voiced discontent with the court's purported time restrictions and its relevance ruling, but only after voir dire had concluded and the jury had been empaneled.  This afforded the court no opportunity to address her stated concerns.  By failing to assert a timely and specific objection to the adequacy of voir dire and the court's ruling, Damiano has forfeited his claim of error on these issues.  (See *People v. Foster* (2010) 50 Cal.4th 1301, 1324 [defendant forfeited claim concerning the adequacy of voir dire because he "did not object to the manner in which voir dire was conducted"]; *People v. Taylor* (2010) 48 Cal.4th 574, 608 ["Defendant has forfeited this claim of error because his counsel failed to suggest follow-up questions the trial court could have asked the prospective jurors or otherwise complain about the adequacy of the trial court's voir dire."].)

B. *Damiano Has Not Demonstrated That the Trial Court Erred by Admitting the Expert Metadata Testimony*

Next, Damiano claims the trial court erred by allowing the investigator to testify about the metadata of the images that were found on the first cell phone recovered from his pocket because the prosecution failed to adequately disclose the scope of the investigator's testimony prior to trial.  According to Damiano, this late-disclosed evidence impaired his ability to argue to the jury that he was unaware of the images or that other people in the prison may have accessed the images.  As we shall explain, Damiano has forfeited this argument by failing to provide an adequate record on appeal to support his claim of error.

1. *Additional Background*

Prior to trial, the investigator prepared a report of his expected testimony, which was made available to the defense four months before trial.

6

The report is not included in the record. However, from the reporter's transcript, we can discern at a broad level of generality that the report explained the investigator's efforts to extract data from the cell phone. We can also discern that, one day before trial, the prosecutor asked the investigator to provide additional details about his testimony at the request of the defense. The investigator prepared a written supplement to his original report, which the prosecution provided to the defense the morning of trial. Like the investigator's initial report, the supplementary disclosure is not included in the record.

2. *Analysis*

On appeal, Damiano challenges the trial court's ruling on the basis that the prosecution allegedly violated sections 1054.1 and 1054.7 by failing to disclose the investigator's opinions in a timely manner.[2] The appellant has the burden to affirmatively demonstrate error on appeal. (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) The appellant "further bears the burden to provide a record on appeal which affirmatively shows that there was an error below, and any uncertainty in the record must be resolved against the

---

[2] Section 1054.1 states, in relevant part, "The prosecuting attorney shall disclose to the defendant or his or her attorney all of the following materials and information, if it is in the possession of the prosecuting attorney or if the prosecuting attorney knows it to be in the possession of the investigating agencies: [¶] … (e) Any exculpatory evidence. [¶] (f) Relevant written or recorded statements of witnesses or reports of the statements of witnesses whom the prosecutor intends to call at the trial, including any reports or statements of experts made in conjunction with the case, including the results of physical or mental examinations, scientific tests, experiments, or comparisons which the prosecutor intends to offer in evidence at the trial." (§ 1054.1, subds. (e), (f).) Section 1054.7 mandates that these disclosures be made at least 30 days before trial, absent a showing of good cause.

[appellant]." (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549; see *People v. Neilson* (2007) 154 Cal.App.4th 1529, 1534 ["The appellant has the burden of furnishing an appellate court with a record sufficient to consider the issues on appeal."].)

Damiano has not met that burden. He has not included the investigator's initial report in the record, nor has he provided us with the supplemental disclosure. Because he has not provided us with these critical materials, we cannot compare the two reports against each other to determine whether the reports were meaningfully different or whether the supplemental report constituted a late disclosure in a way that prejudiced the defense's case. Therefore, applying the presumption of correctness, we must presume there was no error in the proceedings below.

## C. *Any Claimed Error in the Admission of Images of Age-Unknown Individuals Was Harmless*

Finally, Damiano argues the trial court abused its discretion by admitting five images that were found on the cell phone seized during the first security check—exhibits 14, 16, 18, 20, and 22. As noted, each image depicted a person engaging in a sex act or positioned in a sexually provocative manner.

The prosecution did not try to prove that the individuals shown in the five images were minors. Instead, it moved to admit the images under Evidence Code section 1101, subdivision (b), to establish that Damiano's intent and purpose in possessing the child pornography images that were found on the same cell phone (exhibits 2 and 4) was for sexual gratification. The defense objected, arguing that the images were irrelevant because the prosecution could not prove, and did not intend to argue, that the individuals depicted in the images were minors. The court overruled the objection,

8

finding the images were probative to show "the intent of the viewer to view sexually graphic material." The court also found the images were not subject to exclusion under Evidence Code section 352.

We need not assess whether the trial court erred by admitting the images because, assuming error, any such error was harmless. "When evidence is erroneously admitted, we do not reverse a conviction unless it is reasonably probable that a result more favorable to the defendant would have occurred absent the error." (*People v. Powell* (2018) 5 Cal.5th 921, 951, citing *People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*).)

Applying the *Watson* prejudice standard to the facts of this case, we conclude it is not reasonably probable that Damiano would have received a more favorable result had the five photos been excluded from evidence. The two photographs underlying the child pornography charge were clearly sexually explicit images involving small children. By contrast, it was unclear whether the age-unknown persons depicted in the challenged images were minors, and the prosecution never attempted to prove they were. Thus, the five images in dispute were far less inflammatory than the child pornography images that were on the same cell phone found in his possession and later admitted into evidence. (See *People v. Holmes, McClain and Newborn* (2022) 12 Cal.5th 719, 771 [any claimed error in admitting uncharged arrest evidence was harmless error, at most, because the "arrest was far less inflammatory than the murders" charged against the defendant].)

Further, there was strong evidence that Damiano possessed the child pornography for purposes of sexual gratification, separate and apart from the five challenged images of age-unknown persons that were admitted to prove this same point. In particular, exhibit 3 depicts a girl between the ages of five and seven years old with a sex toy inserted in her anus. The only

9

reasonable inference from the exceedingly graphic content of this image is that the person who possessed the image did so for purposes of sexual gratification.  Based on this evidence, we conclude it is not reasonably probable a jury member would have found that Damiano possessed the child pornography for purposes *other than* sexual gratification if the court had excluded the five disputed photographs of the age-unknown individuals.

## IV

## DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:


DO, J.


KELETY, J.

10